7134

ENGLISH v. McDOWALL.

LANDLORD AND TENANT—EJECTMENT—RENT.—Where a landlord receives a check of his tenant for rent for a certain period, he cannot maintain ejectment of tenant for failure to pay rent for period covered by check so long as he retains the check.

Before GARY, J., Kershaw, July, 1908.   Affirmed.

Action in ejectment by C. N. English against J. D. McDowall, before Magistrate H. M. Fincher.   From Circuit order reversing judgment of magistrate, plaintiff appeals.

*Messrs. Clarke & vonTresckow* for appellant; *Messrs. Kirkland & Smith*, contra.

April 9, 1909.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   This proceeding was instituted under section 2423 of Civil Code by C. N. English as land-

lord to eject J. D. McDowall as his tenant, from a house and lot in Camden, on the allegation that the rent to the amount of $25 was due and unpaid. The magistrate after hearing evidence on both sides issued the warrant of ejectment, but the Circuit Court on appeal reversed the judgment of the magistrate, saying in the decree: "Upon full consideration of the case, I find that at the time the proceedings were instituted the defendant had sent to the plaintiff a check for the rent alleged to be due. The plaintiff received this check and held the same until it was put in evidence by the plaintiff in the proceedings of ejectment. Under these circumstances, I hold, as a matter of law, that the plaintiff could not retain this check and maintain the proceedings which he sought under the provisions of the section of the statute invoked. He would be estopped, and the magistrate was in error in not so holding."

The evidence of English, the landlord, was to the effect that McDowall contracted to pay as rent, $125 per annum in equal monthly instalments in advance; and that he should have the option to purchase the property by 1st May; that McDowall told him just before 1st May, he was trying to get the money from a building and loan association to pay the purchase money of the property; and that he himself was silent as to awaiting the result of McDowall's application, but that he did not demand possession. On 28th May, McDowall sent English a check for $19.85, stating the same to be in full of the rent due for April and May, after deducting $1 for repairs on fence. English received the check; and, without returning it, on 29th May instituted this proceeding to eject McDowall. It was not until the trial that the check was tendered back, and then it was received and used by the respondent as evidence. The landlord testified on cross-examination, if he had not had an opportunity to sell the property, he would have presented the check for payment.

The landlord was not obliged to accept the check as payment, but his retention of it was evidence that he accepted it as payment of the rent for April and May, on condition that it would be paid on presentation to the bank on which it was drawn; and that he assumed the obligation to present it within a reasonable time.   The retention of the check was also evidence of an obligation assumed by the landlord to accept payment of the past due rent, and not to insist on the right of ejectment for non-payment for the months of April and May, if the check should be paid when presented at the bank.   Therefore, he could not legally institute ejectment proceedings while he retained the check.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.