25419. SINCLAIR REFINING COMPANY v. GIDDENS.

STEPHENS, J. 1. Where premises equipped for use as a gasoline and oil service-station are leased for a term, and the rent reserved consists of a designated sum of money per gallon on all gasoline which the lessee shall deliver to the station during the term of the lease, the rent not to be less than $10 a month, it is clearly within the contemplation of the parties to the contract that the lessee shall, during the term of the lease, operate upon the premises a service-station for the sale of gasoline; and where the lessee, after taking possession of the premises under the lease, ceases to operate thereon a service-station for the sale of gasoline, although he may continue to occupy the premises, this amounts to a breach of the lease in a matter so substantial and fundamental as to defeat the object of the lease, and the lessor may rescind. *Sinclair Refining Co.* v. *Davis,* 47 *Ga. App.* 601 (2) (171 S. E. 150).

After the lessee has ceased to operate a service-station on the premises as required by the contract, the lessor may elect to rescind the contract by giving notice to the lessee of the lessee's breach of the contract in failing to continue the operation of the service-station, and demanding possession of the premises. Where the lessee fails to deliver possession of the rented premises in response to such demand, the lessee in continuing thereafter to occupy the premises does so as a tenant holding over beyond the term, and may be summarily dispossessed by the lessor as a tenant holding over, as provided in the Code, §§ 61-301, 61-302.

2. A provision in the lease that in the event the lessee shall be in default in the payment of the rent, or otherwise, and shall remain in default for thirty days after notice in writing from the lessor to the lessee of such default, the lessor shall have the privilege of terminating the lease and declaring it at an end and repossessing the premises, in so far as it may apply where the lessee has breached the contract by a failure to continue to operate a service-station upon the premises, is merely cumulative of the lessor's right to terminate the contract and take possession of the premises on the breach by the lessee of the contract, in a manner so substantial and fundamental as a failure of the lessee to operate a service-station on the premises, as defeats the object of the contract.

3. A mere objection by the lessor to the manner in which the lessee operates the service-station on the rented premises, or to the individual selected by the lessee to operate the service-station, where the objection is communicated to the local agent in charge of the service-station and not to the person operating the service-station, but where the lessor does not by such objection interfere with the operation of the service-station, is not an act of the lessor causing the lessee to close the service-station and to cease its operation.

4. Parol evidence as to the contents of a letter, where the letter itself is not in evidence, possesses probative value sufficient to establish the contents of the letter.

5. Testimony of a witness that he "wrote" a letter to a named person, that he placed the letter in the United States mail with the "required amount of postage" on the letter, in the absence of any evidence that the letter had not been received by the person to whom it was written, is sufficient to authorize an inference that the person to whom the letter was written received it.

6. On the trial of an issue formed by a counter-affidavit filed by the defendant to a warrant to dispossess him, as a tenant holding over, of rented premises, where it appeared from the evidence that the plaintiff as lessor had leased to the defendant as lessee premises to be used as a service-station for the sale of gasoline for a term of years at a monthly rental to be paid at so much per gallon on all gasoline which the lessee should deliver to the station during the term, with a guarantee that the monthly rental should not be less than $10, that before the expiration of the term of the lease the lessee, on or about June 22, 1935, closed the service-station and failed to operate it, that afterwards the lessor notified the lessee, by a letter written to the lessee and placed by the lessor in the United States mail with the "required amount of postage"

on the letter, that the service-station had been closed for several days and the lessee had broken the lease contract, and the lessor demanded possession of the property, and that the lessee failed to surrender possession of the property but continued in possession thereof, the inference was authorized that the lessee had breached the contract of rental in a manner so substantial and fundamental as to defeat the object of the contract, and that the lessor was authorized to rescind the contract and to terminate the tenancy. The verdict for the plaintiff was authorized.

7. On the trial of such an issue it was immaterial that the service-station on the rented premises suffered a decrease in the sales of gasoline, due to the competition of another service-station which had been erected in the neighborhood after the execution of the lease. It was not error to reject evidence tending to establish this fact.

8. The evidence authorized the verdict for the plaintiff, and no error appears.

9. There appears no exception to the court's direction of the verdict for the plaintiff, otherwise than a direct exception which appears for the first time in the bill of exceptions. The motion for new trial was on only the general grounds and on a special ground in which exception was taken to the admissibility of testimony. The exception to the direction of the verdict, which appears in the bill of exceptions only, was made too late, and can not be considered. The verdict was rendered on September 11, 1935, and the bill of exceptions, in which the direction of the verdict was excepted to, was tendered for certification after November 9, 1935, which was the date upon which the motion for new trial was overruled. The bill of exceptions having been tendered for certification more than sixty days after the rendition of the judgment directing the verdict and the exception to the direction of a verdict not having been preserved by exception pendente lite, this court has no jurisdiction to entertain the direct exception to the judgment directing the verdict.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED JULY 7, 1936. REHEARING DENIED JULY 23, 29, 1936.

*A. S. Bradley,* for plaintiff in error.

*G. H. Williams, Felix C. Williams,* contra.