## 25988. PLOWDEN *v.* HALL.

STEPHENS, P. J. 1. Where landlord has accepted from the tenant a check for the payment of rent for the ensuing period, the landlord can not, while retaining the check and failing to present it to the bank, dispute the tenant's right to possession of the premises for such period, upon the ground of the non-payment of rent because of a non-payment of the check. English *v.* McDowall, 82 S. C. 282 (64 S. E. 390).

2. Notwithstanding a tenant may be subject to summary dispossession for non-payment of rent, yet where the landlord accepts from the tenant a payment for rent in advance for a period immediately ensuing, the tenant thereby acquires the right to the possession of the premises for the ensuing period, and the landlord during this period has no right to institute dispossessory proceedings against the tenant on account of the tenant's arrears in the payment of past-due rent. Tolk *v.* Cohen, 114 N. Y. Supp. 771 (62 Misc. 230). *Allen* v. *Allen,* 154 *Ga.* 581 (115 S. E. 17), is distinguishable. In that case the landlord, after the institution of the dispossessory proceedings, accepted payment from the tenant for rent which had accrued. It was there held that the land-

lord was not estopped from pressing the proceedings to dispossess the tenant as one holding over beyond his term.

3. Where a landlord, on April 30, 1935, instituted summary proceedings to dispossess the tenant on the ground that the tenant had failed to pay rent for a period prior to April 15, 1935, and it appeared from the undisputed evidence adduced on the trial of the issue formed by the tenant's counter-affidavit that the landlord, on April 15, 1935, had accepted from the tenant rent for the ensuing month beginning April 15, it appeared undisputed and as a matter of law that the tenant was entitled to the possession of the premises at the time of the institution of the warrant to dispossess, and the verdict for the defendant was demanded as a matter of law.

4. The verdict for the defendant being demanded as a matter of law, any alleged error in the charge was immaterial and need not be considered.

*Judgment affirmed. Sutton and Felton, JJ., concur.*

DECIDED FEBRUARY 27, 1937.

*Wilcox, Connell & Wilcox,* for plaintiff.