OASTLER *et al. v.* WRIGHT *et al.*

No. 15581.   OCTOBER 11, 1946.   REHEARING DENIED NOVEMBER 16, 1946.

*Wheeler, Robinson & Thurmond,* for plaintiff.
*Herbert Edmondson,* for defendants.

CANDLER, Justice. (After stating the foregoing facts.) The sole question for determination here is whether the attempted cancellation of the lease contract by the successors in title to the original lessor because of defaults in the weekly rent payments, occurring during the period of ownership by the original lessor, was effectual. This can be determined by considering the right of the original lessor to terminate the lease contract at the time of its transfer of the reversion.

Stipulations for forfeitures in leases are not favored by the courts. 32 Am. Jur., § 848; *Hicks* v. *Beacham,* 131 *Ga.* 89 (62 S. E. 45). And in cases of doubt, in contests between landlords and tenants, the issue will be resolved in favor of the tenant. The lease contract in this case provided that rent was to be paid in advance on the first day of each week at the office of the lessor. It further provided that, in the event of a breach of any of the provisions, covenants, or conditions of the lease, the lessor, its successors or assigns, could at any time thereafter terminate the lease by giving written notice to the lessee. Time was to be of the essence. The provision for forfeiture was for the benefit of the lessor, and after a default in rent payments it had the election to determine whether to declare a forfeiture or not. Its election to terminate the lease must have been evidenced by some unequivocal act. Here the lessor did nothing to indicate an intention to terminate the lease, or to indicate that in the future a strict compliance with the terms of the contract would be required. A cause for the forfeiture of a lease, or a right on the part of the lessor to re-enter the leased premises for a breach of a condition, may be waived; and generally a lessor will be estopped from asserting a forfeiture for breach of a covenant or condition in a lease, and to have waived his right to such a forfeiture, where, after such breach of condition by the non-payment of rent, he accepts rent from his tenant with knowledge thereof, unless there are circumstances to negative the presumption of his affirmance of the continuance of the lease, arising from such acceptance of rent by him. 32 Am. Jur., § 883; *Guptill* v. *Macon Stone Supply Co.,* 140 *Ga.* 696 (79 S. E. 854, Ann. Cas. 1915A, 1249); *McCranie* v. *Rigsby,* 172 *Ga.* 860 (159 S. E. 233). And strict compliance with the terms of a lease contract may be waived, even though time is of the essence. *Jordan* v. *Rhodes;* 24 *Ga.* 478; *Moody* v. *Griffin,* 60 *Ga.* 460. For

several years the lessee was irregular in meeting some of the weekly rent payments, and on January 1, 1943, was 74 payments in arrears. Thereafter and for a period of nearly two years, and while the reversion was still owned by the original lessor, the lessee paid the rent regularly and fully complied with the terms of the lease contract. There is nothing in the record to indicate that the lessor objected to the irregularity in meeting the payments or that it did not recognize the lease contract as being in full force and effect at all times. Accordingly, such conduct must be held to constitute a waiver of strict compliance with the terms of the lease contract, and the lessor would be estopped to declare a forfeiture, by reason of such prior defaults in rent payments, without first making a demand for the rent in arrears and giving the lessee an opportunity to comply with such demand. In *Mahoney* v. *McKenzie*, 27 *Ga. App.* 245, 250 (107 S. E. 775), it was said: "We do not think that dispossessory warrant proceedings can be used arbitrarily and summarily by a landlord for the purpose of ousting a tenant and securing possession of premises without good cause. They were intended for landlords honestly and justly entitled to the relief sought therein and proceeding in good faith. The provisions of the lease having been waived by the landlord, the tenant was entitled to a demand for the rent due, and the evidence showing that no such demand was made and that the rent due had been tendered before the affidavit was made for the issuance of the dispossessory warrant, we think the court erred in overruling the certiorari."

Even though no point was raised as to the right of the successors in title of the original lessor to declare a forfeiture for defaults in rent payments occurring while the reversion was owned by the original lessor, we assume, but only for purposes of this decision, that such right was transferred by the latter. Thus, in the circumstances of this case, before the lease contract could have been terminated by reason of such defaults, a demand for the rent in arrears should have been made, and before a dispossessory warrant could have issued, under the Code, § 61-301, it must have been shown that a demand for the rent in arrears had been made and that the lessee had failed or refused to meet such demand. The agreed statement of facts shows that this was not done. A demand for possession was first made and a tender by the lessee of the rent

in arrears was refused. Therefore it follows that the attempt to declare a forfeiture and the attempt to dispossess the lessee without first making such a demand was ineffectual, and the findings and judgment of the lower court are affirmed.

*Judgment affirmed. All the Justices concur.*