38450.  YATES *et al.* v. FARMER.

DECIDED SEPTEMBER 27, 1960—REHEARING DENIED
OCTOBER 13, 1960.

*A. C. Felton III, John S. Averill, Jr., William Wisse,* for plaintiffs in error.

*Jones, Sparks, Benton & Cork, Frank C. Jones,* contra.

NICHOLS, Judge. The lease in question contained the following provision as to rent: "Which rent shall be payable by lessee to lessor by the 10th day of each month following the deliveries of motor fuel made for the preceding month. The rent for the first month shall be due and payable on or before July 10, 1958." The lease was executed in June, 1958, and covered property to be used as a gasoline service station. The evidence was undisputed that the corporate lessee had paid the rent late all except three months between the time the lease was signed and the time, May 18, 1959, when the lessor wrote the lessee advising him that the lease had been terminated for nonpayment of rent. There was also evidence that the lessor had notified the lessee that he expected all future payments to be made on time and in accordance with the written lease agreement, and that the May, 1959, payment was the first payment that was late after such notice was given. The evidence also showed that the lessor retained the check due May 10, 1959, from May 12, 1959, until May 18, 1959, when the letter terminating the lease was written, that he continued to hold and at the time of the trial still held such check without ever presenting it to the bank for payment or tendering it back to the lessee.

In most cases brought under *Code Ch.* 61-3, seeking possession of realty because of nonpayment of rent, the rent is due in advance and once the rent is received by the lessor for a given period the lessee is entitled to possession, having paid for it, until the following period when rent is again due to be paid in advance, and the receipt of such rent by the lessor estops him from prosecuting a dispossessory warrant until the next time rent is

due and unpaid. "Where landlord has accepted from the tenant a check for the payment of rent for the ensuing period, the landlord can not, while retaining the check and failing to present it to the bank, dispute the tenant's right to possession of the premises for such period, upon the ground of the non-payment of rent because of a non-payment of the check. English v. McDowall, 82 S. C. 282 (64 S. E. 390)." *Plowden v. Hall*, 55 Ga. App. 321 (1) (190 S. E. 37).

The lease in the case sub judice required that the rent be paid by the 10th day of each month for the preceding month. In other words no rent was due for April, 1959, until May 10, 1959, and when the April rent was paid to the lessor no rent was due for the month of May until the 10th day of June.

*Code* § 61-301 provides in part: "In all cases where a tenant . . . shall fail to pay the rent when the same shall become due," the landlord may proceed with dispossessory proceedings. In the case of *Cunningham v. Moore*, 60 Ga. App. 850, 856 (5 S. E. 2d 71), the following language from the case of *Hicks v. Beacham*, 131 Ga. 89 (62 S. E. 45), was quoted: "If a landlord bases his right to a summary recovery on nonpayment of rent, as a statutory ground, the rent must remain unpaid when the proceeding is begun. An acceptance of rent after it is due will operate as a waiver of the right of summary dispossession for nonpayment. The landlord can not accept the payment after the day when it is due and still proceed to dispossess his tenant under the statute, on the ground that it was not paid on such day."

In other cases it has been held that the landlord may receive past due rent without waiving his right to possession of the property; however, these cases are ones where the rent is paid after the dispossessory proceedings have begun.

In the present case when the lessor received the check covering the payment for the month of May and held the same for five days before notifying the lessee that he considered the lease terminated for non-payment of rent and has continued to so hold such check without ever presenting it for payment at the bank, and where the record shows that all subsequent rent payments due between such time and the time of the trial were tendered

in accordance with the lease agreement, the evidence demanded a verdict for the lessees, and the judgment overruling the motion for a judgment non obstante veredicto was error. Accordingly, the judgment of the trial court is reversed with direction that a judgment be rendered for the lessees in accordance with their motion for a directed verdict.

*Judgment reversed with direction. Felton, C. J., and Bell, J., concur.*