42503. GAY v. AMERICAN OIL COMPANY.

ARGUED JANUARY 3, 1967—DECIDED JANUARY 11, 1967.

*Paul W. Calhoun, Jr., B. P. Jackson, Jr.,* for appellant.

*Alvin L. Layne, Alston, Miller & Gaines, Carl H. Cofer,* for appellee.

EBERHARDT, Judge. We affirm. It is true that the lease here calls for payment of rentals on the first of each month in advance and that no grace period for late payment is provided. But there are circumstances which avoid any forfeiture, or which amount to a waiver if one has occurred.

While it is common knowledge that in the volumes of mail handled by large business concerns a letter will occasionally get mailed without having affixed thereto the proper postage and that this occurs from inadvertence or accident, we do not find it necessary to decide the issue upon this equitable defense—which may well have been authorized under *Code* § 37-201.

There are other considerations appearing from the evidence and from the stipulation of facts which fully support the findings and judgment of the trial court. Mrs. Gay had irrevocably made the bank her agent for the collection of the assigned rentals by the terms of the assignment. Acting under the assignment the bank collected for the month of May the sum of $188.73, and a like amount for each month thereafter, and she is bound by these acts of her agent. *Code* § 4-302. The acts of her agent in making these collections of rentals and accepting them are her acts. Thus, she cannot assert her rights and collect rentals under and upon the terms of the contract and at the same time declare a forfeiture of it for non-payment. Just as one who elects to rescind must restore to the other party any benefits received under the contract (*Code* § 20-906), if Mrs. Gay wished to declare a forfeiture of the lease for non-payment it was incumbent upon her to return immediately upon receipt thereof any and all payments of rental received by her or her agent after the happening of the event giving her the right to declare it. Acceptance and retention of rentals by the lessor

or her agent after the alleged breach or forfeiture constituted a waiver and reinstated the lease. "If [the lessor] receives rent accruing subsequently to the issuance of the dispossessory warrant, and accepts it as being a payment under the original lease contract, he affirms that the lease contract is still in existence. By his own acts he admits the continuance of the lease, and waives any prior forfeiture. A landlord who recognizes a lease as a subsisting, operative contract should not, in equity or in good morals, be permitted to insist upon a past forfeiture, if there has been one. And it has been held, both in England and in this country, that a landlord by acceptance from his tenant of rent accruing after a breach of the condition in the lease, with knowledge that the breach had been committed, waives the right to declare the lease forfeited on account of the breach." *Guptill v. Macon Stone Supply Co.*, 140 Ga. 696, 698 (79 SE 854, AC 1915A, 1249). Accord: *McCranie v. Rigsby*, 172 Ga. 860 (159 SE 233); *Oastler v. Wright*, 201 Ga. 649 (40 SE2d 531); *Shiflett v. Anchor Rome Mills, Inc.*, 78 Ga. App. 428, 431 (2) (50 SE2d 853). Cf. *Allen v. Allen*, 154 Ga. 581 (115 SE 17), where the rent accepted had accrued before the institution of the dispossessory proceeding.

Here both Mrs. Gay and her agent accepted and retained rental payments *after* the alleged forfeiture. True enough, Mrs. Gay did not cash the check which she received and retained, but that is immaterial. *Plowden v. Hall*, 55 Ga. App. 321 (190 SE 37). Cf. *Pan-American Life Ins. Co. v. Carter*, 57 Ga. App. 294 (195 SE 326). The lease specifically authorized payment of the rentals by check. Even though it may have been mailed and received after the due date, as Mrs. Gay contends, when she did not return but kept the check which was sent to her for the unassigned portion of the May rent, the retention amounted to a waiver of the forfeiture, if there had been one, and this despite the assertions of forfeiture for non-payment in the letters sent by her attorney. Assertions of forfeiture for non-payment and retention of rentals are totally incompatible, and she must take the effect of that which is most favorable to her tenant. "[I]n cases of doubt, in contests between landlords and tenants, the issue will be resolved in favor of the tenant." *Oastler v. Wright*, 201 Ga. 649, 652, supra.

Once the forfeiture, if there had been one, was relieved, the landlord was in no position to assert it, and refusals by her of the tender of future rentals did not and could not adversely affect the rights of the lessee. *Yates v. Farmer,* 102 Ga. App. 570 (117 SE2d 211).

The irrevocable making of the bank her agent for the collection of the assigned portion of the rentals may well have been a requirement of the lender in taking security for the loan made to Mrs. Gay. If she could refuse the tender of rentals made to the bank it would have impaired the security. But nevertheless, the assignment was her act, and she procured from the lessee an acceptance of it. If there was a forfeiture and she wished to assert it, it was incumbent upon her to obtain from the bank a release of the assignment and the appointment of it as agent to collect the rentals, with notice of the release to the lessee, and, standing on the forfeiture, refuse the tender of rentals in order to avoid a waiver, for the acceptance of even a part payment is a recognition of and reinstatement of the lease. However, she has her remedy for collection of the balance, if it was not tendered or paid, by way of distraint or by a simple action at law to recover the unpaid portion; but it is not by way of asserting a forfeiture and dispossessing the tenant.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*