45676. RCH CORPORATION v. SOUTHLAND INVESTMENT CORPORATION.

EVANS, Judge. This case is a dispossessory warrant proceeding filed in statutory form by the plaintiff (appellee) to oust the defendant (appellant). There had been a 6-year lease between

the plaintiff as landlord and the defendant as tenant for the operation of a "teen dance club" on the premises. This lease contained the following special stipulation: "If the operations of the club create such a nuisance that an excessive number of complaints are received from the shopping center tenants and/or nearby residents and the cause of such complaints not be promptly corrected, the landlord can cancel this lease by giving sixty (60) days prior written notice by registered or certified mail. If such cancellation should occur, tenant will be permitted to occupy the premises and operate for the last month without payment of rent."

The defendant moved for summary judgment on the grounds that: (1) the above stipulation is vague and unenforceable and is so uncertain that it can not be a basis for a dispossessory action; (2) the plaintiff is proceeding against him as a tenant at sufferance and not as a tenant at will in which latter case he is entitled to notice which has not been given to him; (3) all rents have been paid and accepted by the landlord; and (4) no formal demand has been made for the possession of the premises as required by *Code* § 61-301. The lower court denied the motion for summary judgment, and the appeal is from that judgment with a certification by the judge authorizing an immediate appeal. *Held:*

1. Where a lessee has breached a lease, the lessor is authorized to rescind the lease and summarily dispossess the lessee as a tenant holding over under *Code* §§ 61-301, 61-302. *Sinclair Refining Co. v. Davis,* 47 Ga. App. 601 (171 SE 150); *Sinclair Refining Co. v. Giddens,* 54 Ga. App. 69 (1) (187 SE 201).

2. A demand for possession is not necessary where it would be futile to make it and same would be refused. *Moore v. Collins,* 36 Ga. App. 701, 702 (138 SE 81); *Darling Stores Corp. v. William Beatus, Inc.,* 68 Ga. App. 869, 872 (24 SE2d 805); *Craig v. Day,* 92 Ga. App. 339, 340 (88 SE2d 451). Thus, such notice to vacate would be moot where the notice of the landlord that he was canceling the contract because of the breach of the special stipulation had been given in a letter by his counsel, requesting the tenant to vacate in sixty days, and counsel for the tenant had advised it would ignore the request and alleged notice of the breach and stand on the contract.

3. After consideration of the pleadings, the affidavits and counter-affidavits, and other documents, the trial court did not err in determining that the issues were not conclusively eliminated by uncontradicted testimony, and issues remained for jury determination. The special stipulation in the contract is not void as a matter of law. This was a summary judgment proceeding and not a declaratory judgment proceeding, and the lower court did not err in failing to declare the stipulation a nullity. *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442); *Sanders v. Alpha Gamma Alumni Chapter,* 106 Ga. App. 137, 140 (126 SE2d 545).

     *Judgment affirmed. Hall, P. J., and Deen, J., concur.*
SUBMITTED OCTOBER 7, 1970—DECIDED NOVEMBER 13, 1970.

*Sam G. Dettelbach,* for appellant.
*Orr & Joyner, John C. Joyner, W. Fred Orr, II,* for appellee.