## 52722. KUNIAN et al. v. MANGEL STORES CORPORATION.

McMURRAY, Judge.

This is a dispossessory proceeding which involves a written lease to certain real property.

The tenant failed to pay the monthly rent for the month of February, 1974. Thereafter tenant filed a proceeding under Chapter 11 of the Bankruptcy Act, receiving a stay as to the payment of rent on March 4, 1974, and proceeded thereafter to pay the monthly rent under the Bankruptcy Act. The landlord was enjoined from proceeding against the tenant or any of its property. The stay order of the bankruptcy court was later modified and the landlord was allowed to proceed in state court against the tenant. This proceeding was instigated on October 29, 1975.

Plaintiffs contend that they have not been paid the rent in accordance with the lease for the use of the premises in the amount of $2,291.67 for February, 1974; $6,554 additional rent as a percentage of sales for the year ending August, 1974; and any and all rents it received during the period of the bankruptcy proceedings were received by it as from the debtor in possession as a fair and reasonable amount for the use and occupancy of its property; and that they are entitled to possession of their property by reason of default in the obligations under the lease by the defendant.

Defendant answered, contending generally that the written lease controls and admitting the bankruptcy; that the plaintiffs were owed the rent for February, 1974, at the time of the bankruptcy suit and also the additional sum of $6,554 as a percentage for sales in excess of a specified volume for the year 1974; that the rent was tendered in advance for each month under the bankruptcy proceedings; and it denies that it is holding the premises over beyond the term and that the lease has not been terminated; that all sums due the plaintiffs have been paid into the registry of the court. It prays for a declaration of its rights that the lease attached be declared to be in full force and effect and that plaintiffs' prayers be denied and that it be allowed to remain in

possession of the premises.

After discovery both parties moved for summary judgment and after a hearing the court denied plaintiffs' prayer for summary judgment and granted defendant's motion for summary judgment. Plaintiffs appeal. *Held:*

1. The default of the defendant in the payment of the February, 1974, rent; the voluntary filing of a petition for bankruptcy under Chapter 11, and the failure to pay all excess rental stipulated to be due for the year ending August 31, 1974, is admitted by all concerned parties as being true. All other rents for the period involved have been paid by and through the bankruptcy court, the debtor having taken advantage of a deferred payment of one-half of the amount of the excess rental due. The sole question for determination here, as in the court below as to the summary judgment, is whether or not the plaintiffs accepted the rent so as to prevent plaintiffs from demanding possession of their property as a matter of law.

Defendant contends that the landlord failed to send notice to the bankrupt that the lease was in fact terminated under the terms of the lease and pursuant to Rule 11-53 of the Bankruptcy Act requesting that the landlord be allowed to reject the lease. See 11 USCA § 713; Rule 11-53, Chapter 11, Bankruptcy Rules. The plaintiffs did notify repeatedly in writing the defendant tenant that the lease was in default for nonpayment of rent due within six months from the acts of the alleged default, but defendant contends they did not proceed in the bankruptcy court in such a manner that the rent was received other than under the lease as the fair amount due for use of the space. Defendant argues that for a landlord to simply state that it is accepting the rent for use and occupancy without a court order terminating the lease and without filing a motion to have the lease rejected, such payments thereunder come under the lease. See cits. above as to Rule 11-53.

Where the landlord accepts rent from the tenant after the default but before the dispossessory proceeding, the landlord then has no right to institute dispossessory proceedings against the tenant during the ensuing period on account of the tenants' arrears in the payment of past due rent. *Hicks v. Beacham,* 131 Ga. 89 (62 SE 45);

*Plowden v. Hall,* 55 Ga. App. 321 (190 SE 37); *Gay v. American Oil Co.,* 115 Ga. App. 18, 20 (153 SE2d 612); *Yates v. Farmer,* 102 Ga. App. 570, 572 (117 SE2d 211).

2. Under the above line of cases, even though the lease was in default by the nonpayment of the February, 1974 rent, the failure to pay all of the additional rent as a percentage of sales due in August 1974, and the filing of the bankruptcy proceeding, the debtor thereby obtaining relief in violation of paragraph 17 of the lease; nevertheless, at the moment of filing the dispossessory proceeding on October 29, 1975, plaintiffs admit in the answer to interrogatories that rent was paid for the month of October, 1975, and plaintiffs have moved too soon in seeking possession of the property, no matter in what manner plaintiffs had received the rent.

Therefore, the lower court did not err in granting summary judgment for the defendant since the rent was paid for the period during which the proceeding to obtain possession was instigated.

*Judgment affirmed. Marshall and Smith, JJ., concur.*

ARGUED SEPTEMBER 9, 1976 — DECIDED OCTOBER 4, 1976 — REHEARING DENIED OCTOBER 28, 1976 —

*Haas, Holland, Levison & Gibert, Joseph F. Haas, Edward L. Greenblatt,* for appellants.

*Smith, Cohen, Ringel, Kohler & Martin, John A. Howard,* for appellee.