## 64227. C & A LAND COMPANY v. RUDOLF INVESTMENT CORPORATION.

SOGNIER, Judge.

Rudolf Investment Corp. (Rudolf) entered into a contract with C & A Land Company (C & A) to lease certain commercial property. Rudolf was late in paying the rent, and under the terms of the lease, C & A notified Rudolf that it was terminating the lease and that Rudolf was a tenant at sufferance. Rudolf tendered the past due rent to C & A. The lessor allegedly refused the tender but kept the check in his possession. C & A demanded possession and subsequently filed the instant dispossessory action alleging that Rudolf was a tenant holding over and demanding payment of all rent due. Rudolf answered and tendered the past due rent plus costs into court within seven days of service. Rudolf moved for judgment on the pleadings on the basis of the complete defense provided for in Code Ann. § 61-309. The trial court granted Rudolf's motion and dismissed the proceedings. C & A appeals.

Appellant contends that the trial court erred in applying Code

Ann. § 61-309. It is undisputed that the lessor sent a letter terminating the lease prior to demand and the institution of the dispossessory action. However, it is also clear that the reason for the letter of termination was nonpayment of rent by the lessee. Appellant argues that because Rudolf is a tenant holding over rather than a tenant dispossessed for nonpayment of rent, the tenant cannot avail himself of the defense of Code Ann. § 61-309. However, we need not reach this issue in order to decide the instant case.

The lease provides: "17. *TERMINATION.* In the event that Lessee shall not pay the rent within ten (10) days after the same becomes due, or shall violate or fail to perform any of the covenants, agreements, or conditions of this lease, or shall abandon the premises . . ., the Lessor shall have the right, at its option, immediately to terminate this lease as fully as though the term thereof had expired, . . ." The threshold questions are whether the lessor has effectively terminated the lease and whether the landlord may institute dispossessory proceedings against this tenant.

Where a lessee has breached a lease, the lessor is authorized to rescind the lease and summarily dispossess the lessee as a *tenant holding over* under Code Ann. §§ 61-301, 61-302. *RCH Corp. v. Southland Invest. Corp.,* 122 Ga. App. 815, 816 (178 SE2d 766) (1970); *Sinclair Refining Co. v. Giddens,* 54 Ga. App. 69, 70 (187 SE 201) (1936). When a tenant fails to discharge his obligations under the lease, the landlord has the right, created by the lease itself, to terminate the lease. Once the landlord terminates the lease and the tenant refuses to vacate, the tenant becomes a tenant holding over beyond the term of the lease. The landlord has the right, at that point, to institute dispossessory proceedings under Code Ann. § 61-301 by making demand for possession. *Metro Management Co. v. Parker,* 247 Ga. 625, 628 (278 SE2d 643) (1981). Forfeiture of a lease by acts of a party to a lease because of a breach of a covenant or condition are not favored, but where there is an express provision in the contract, termination or forfeiture of the lease will be permitted. *Pritchett v. King,* 56 Ga. App. 788, 790 (194 SE 44) (1937).

However, if the lessor wishes to declare a forfeiture of the lease for nonpayment it is incumbent upon the lessor to return immediately upon receipt thereof any and all payments of rental received by the lessor after the happening of the event giving the landlord the right to declare the forfeiture. *Gay v. American Oil Co.,* 115 Ga. App. 18, 20 (153 SE2d 612) (1967). In the instant case C & A submitted an affidavit in opposition to Rudolf's motion which states that on August 5, 1981, C & A notified Rudolf that it was terminating the lease pursuant to the lease agreement. The lessor went on to state in the affidavit: "On August 14, 1981, I received the payment for the

month of July, 1981. This check was not accepted by me and has not been negotiated and *is still in my possession.*" There is no indication in the record that C & A notified Rudolf that it would not accept the rent check, nor that the July rent was returned to Rudolf. C & A subsequently made demand for possession and instituted dispossessory proceedings.

Acceptance and retention of rentals by the lessor after the alleged breach or forfeiture constitutes a waiver and reinstates the lease. *Gay v. American Oil Co.,* supra at p. 20. The fact that the lessor does not cash the check is immaterial. *Yates v. Farmer,* 102 Ga. App. 570, 572 (117 SE2d 211) (1960); *Gay v. American Oil Co.,* supra at p. 21. Assertions of forfeiture for nonpayment and retention of rentals are totally incompatible, and the lessor must take the effect of that which is most favorable to the tenant. *Gay v. American Oil Co.,* supra at p. 21. " '[I]n cases of doubt, in contests between landlords and tenants, the issue will be resolved in favor of the tenant.' " *Oastler v. Wright,* 201 Ga. 649, 652 (40 SE2d 531) (1946); *Smiths' Properties v. RTM Enterprises,* 160 Ga. App. 102 (286 SE2d 334) (1981); *Farm Supply Co. v. Cook,* 116 Ga. App. 814, 819 (159 SE2d 128) (1967).

Because the lease was not effectively terminated, Rudolf cannot be considered a tenant holding over. Nor may the landlord attempt to dispossess the tenant for nonpayment of rent. "Where the landlord accepts rent from the tenant after the default but before the dispossessory proceeding, the landlord then has no right to institute dispossessory proceedings against the tenant during the ensuing period on account of the tenants' arrears in the payment of past due rent." *Kunian v. Mangel Stores Corp.,* 140 Ga. App. 244 (230 SE2d 492) (1976); *Trawick v. Consolidated Capital Growth Fund,* 156 Ga. App. 764, 767 (275 SE2d 394) (1980).

Thus the trial court did not err in dismissing the proceedings. *Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 13, 1982.

*Robert Strickland, Jr.,* for appellant.
*William N. Withrow, Jr., Nancy O. Ewing,* for appellee.