## 71202. NUNN v. TAYLOR.
### (338 SE2d 453)

BIRDSONG, Presiding Judge.

Termination of Lease — Breach of Conditions. In October 1979, Madison Taylor leased his family farm consisting of approximately 140 acres to Larry Nunn for a period of seven years. Nunn leased the acreage for use as a dairy farm. In consideration of the lease for seven years, Taylor required payment of $250 per month, that Nunn would keep the family farm under good husbandry to include the plowing, seeding, cultivating and harvesting in a manner that would conserve the property; would keep the buildings and fences and improvements on the farm in as good repair and condition as they were when the lease commenced, normal wear and tear excluded. The lease also provided that a wilful neglect, a failure or a refusal by either party to carry out any substantial provisions of the lease would give the other party the benefits of any proceedings provided by law.

After about the first four years of the lease (in 1983), it became increasingly apparent to Taylor that the farm was undergoing an accelerating rate of deterioration. Based upon contested evidence, the jury would have been warranted in concluding that the acreage was under-fertilized and barren, the fences were either down or in a state of significant disrepair, the roofs of several of the four buildings on the leased acreage had large holes where the tin roofs had been peeled back by the wind and had not been repaired or replaced and one of the sheds used as a calving shed had so much accumulated manure that the walls were pushed away from the floor and the shed was declared to be a health hazard.

The parties were in substantial agreement that after the first two or three years there was little or no communication between the lessor and lessee and that there existed some residual animosity. After about 1982, Nunn did not seek any materials from Taylor to effect repairs on fences or sheds nor to fertilize or cultivate or harvest the acreage, nor did Taylor volunteer any material or assistance. In the spring of 1984, Nunn was notified by letter that the lease was terminated but no evidence was forthcoming that any attempts were made by Nunn to effect repairs or to reconcile differences.

After the suit was filed by Taylor, Nunn demanded the right of arbitration (provided in the lease). Arbitrators were appointed by the superior court. After meetings, the arbitrators filed their report with the court indicating that they could not reach agreement by arbitration and requested that they be discharged. The inability to reach agreement was known to Taylor and Nunn a week before the trial date but the actual report was not filed until the day of trial in this case. Nunn moved for a continuance contending that he had been denied his right to arbitration and sought the appointment of new arbi-

trators prior to trial of the issue. The trial court denied the motion for continuance and trial proceeded as scheduled. The jury returned a verdict for Taylor terminating the lease. Nunn brings this appeal enumerating four alleged errors by the trial court. *Held*:

1. At the conclusion of the evidence, Nunn moved for a directed verdict on the grounds that inasmuch as the lease did not specifically provide for termination of the lease in the face of a breach of its conditions, the lessor, Taylor, should be limited to a recovery, if any, of damages. After the verdict was returned for Taylor, Nunn moved for judgment notwithstanding the verdict upon the same grounds.

It is true as argued by Nunn that there is no "express" provision in this lease providing for a termination of the lease based upon a violation of its provisions. Nunn cites to us (and to the trial court below) the case of *Pritchett v. King*, 56 Ga. App. 788, 790 (194 SE 44). That case involved the lease of premises to a doctor for use of the premises in the practice of medicine with a right of renewal at the end of the term. The lessee entered a plea of guilty of practicing medicine without a license. Thus, the lessor sought to deny the right of renewal at the end of the term because of the unlawful use of the premises. However, it appears that the premises were being used as a place for the practice of medicine as contemplated by the lease, even though without benefit of a license. In that case this court held that termination of a lease for violation of the terms of the contract in the absence of an express provision for termination is looked upon with disfavor. Thus, that case primarily was concerned with the question of whether a technical failure of a lease provision would allow the repudiation of a covenant in the lease. See *Simpson v. Blanchard*, 73 Ga. App. 843, 847 (38 SE2d 634).

The present case presents a wholly different situation. In this case, Taylor's family had farmed the acreage as a family farm for a long period of time. Taylor apparently did not desire personally to continue to farm the acreage but, by the terms of his lease with Nunn, it is apparent that both parties contemplated that the farm be maintained in good condition as an agricultural enterprise. Nunn expressly covenanted to exercise good husbandry by cultivation harvesting and maintaining the improvements in as good condition as when he received possession. The jury found that Nunn had not fulfilled the basic purposes of the lease.

Nunn's failure to maintain the farm in a reasonable manner was found by the jury to amount to such a breach of the lease in a matter so substantial and fundamental as to defeat the object of the lease. In such circumstances, the lessor retains the inherent right to rescind or terminate the lease even in the absence of an express provision in the lease. *Georgia Power Co. v. Fletcher*, 113 Ga. App. 559, 561 (2) (148 SE2d 915); *Sinclair Refining Co. v. Davis*, 47 Ga. App. 601 (171 SE

150). See also *C & A Land Co. v. Rudolf Investment Corp.*, 163 Ga. App. 832, 833 (296 SE2d 149); *Sinclair Refining Co. v. Giddens*, 54 Ga. App. 69, 70 (187 SE 201). The addition of an express clause granting the right to terminate the lease under such egregious circumstances of violation of the terms of the lease would be merely cumulative of the lessor's inherent right to terminate the lease and regain possession. *Sinclair Refining Co. v. Giddens*, supra, p. 70 (2). It follows the trial court did not err in denying the motion for directed verdict in favor of Nunn nor in denying the motion for j.n.o.v.

2. Nunn contends the trial court erred in denying the motion for continuance because the dispute had not been arbitrated as authorized by the lease. We find this enumeration to be without merit. Upon motion of Nunn and consented to by Taylor, the superior court did in fact refer this dispute to three arbitrators strictly in accordance with the lease. Those arbitrators considered the dispute and entered a finding that they were unable to reach a consensus and requested that they be discharged. The lease provided that the decision of the arbitrators would be binding upon the parties.

While an agreement to disagree might not be that which would have been desired by Nunn, there was in fact an arbitration and a decision by the arbitrators. While we would not have faulted the trial court had it, with the consent of the parties, referred the dispute to another trio of arbitrators, neither can we find any abuse of discretion in declining to resubmit the issue and allowing the parties to resolve their conflict before a jury of their peers. The denial of the motion for continuance remains within the discretionary powers of the court and we can find no abuse of discretion in this case. *Pope v. U. S. Fidelity &c. Co.*, 200 Ga. 69 (2) (35 SE2d 899).

3. In his third enumeration of error, Nunn argues the trial court placed a lesser degree of proof upon Taylor than the provisions of the lease itself required. The lease provided in substance that where there was *wilful* neglect, failure or refusal to carry out any substantial provision of the lease, the opposing party was entitled to the benefits of any proceedings provided by law. As earlier indicated in this opinion, the law provides that where there is a breach of the lease so substantial and fundamental that the object of the lease is defeated, the lessor is entitled to terminate the lease. The charge of the trial court was in the language just set forth. Nunn objected to that charge and urged the trial court to charge that the breach of the lease must be the result of a *wilful* neglect, failure or refusal.

We are not persuaded by such an argument. The word "wilful" when used with neglect, failure and refusal can only relate to a conscious awareness of a duty and a failure to perform. It is inconsistent to compare wilfulness and neglect. *Central of Ga. R. Co. v. Moore*, 5 Ga. App. 562, 564 (63 SE 642). The terms are antagonistic in mean-

ing. *Truelove v. Wilson*, 159 Ga. App. 906, 908 (285 SE2d 556). A wilful act is not a neglectful one. One is not required to consciously decide intentionally not to perform a duty in order to be neglectful. Similar observations relate to a failure. Moreover, a refusal implies an intentional act; thus wilful refusal is a redundant expression.

In this case, the issue was hotly disputed as to whether Nunn was making efforts to keep the farm in good agricultural husbandry or whether he, through simple neglect, allowed the farm to become useless as a farm. The trial court required the jury to find that the actions of the defendant, Nunn, were of such a substantial and fundamental character in relation to the underlying lease that the whole purpose of the lease was defeated regardless of whether that failure resulted from a conscious intentional decision to allow the farm to disintegrate or a mere neglect to perform. This fully satisfied the legal requirement that Nunn's breach by not exercising good agricultural husbandry defeated the lease. We find this enumeration to be without merit.

4. In his last enumeration, Nunn argues the verdict is contrary to the evidence and the law. This alleged error is based upon a two-fold premise. The first argues that the lease did not authorize a termination. We reject that argument for the same reasons advanced in Division 1 of this opinion.

The second leg of this enumeration is that because Taylor continued to accept rental payments, he waived any irregularity. In the first place as previously observed, rental was only one of the considerations for this lease. The breach was based not upon a failure to pay a lease rental but because Nunn, as found by the jury, abjectly failed to exercise good agricultural husbandry as to the land and improvements. Thus, the payment of rental did not work an estoppel as to Taylor, for Nunn continued in possession of the farm even after the suit was instituted and conducted. He rightfully could be expected to pay rental for the possession of the real estate that he (Nunn) continued to contend he had an entitlement. We find no merit in the last enumeration.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED NOVEMBER 5, 1985 —
REHEARING DENIED NOVEMBER 21, 1985.

*Wilbur A. Orr*, for appellant.
*Albert H. Dallas*, for appellee.