A92A1189. WORLEY v. CHUCK CLANCY FORD OF MARIETTA, INC.
(425 SE2d 376)

ANDREWS, Judge.

Worley purchased a car from Chuck Clancy Ford of Marietta, Inc. (Clancy Ford), financed under the terms of a retail installment contract which created a security interest in the car in favor of the seller or holder of the contract. About five days after the purchase, the car was severely damaged in a collision, and Worley ceased making any payment under the contract. Pursuant to the contract, Clancy Ford took possession of the car, sold it for salvage value, and sued Worley for the deficiency owed under the contract. The trial court granted Clancy Ford summary judgment, and Worley appeals.

Worley claims factual issues remain which preclude summary judgment. Clancy Ford filed no affidavit in support of its motion for summary judgment, conducted no discovery, and relied upon allegations in its unverified complaint. Worley admitted that a few days after she purchased the car from Clancy Ford, it was damaged in a collision, that she had no insurance coverage on the car, and she stopped making payments under the contract. She admitted that the contract attached to Clancy Ford's complaint was a portion of the sales agreement; that she signed an additional form reciting her contractual obligation to keep insurance coverage on the car; and that

she had arranged for the required insurance. Worley denied allegations related to the amount of damage to the car and salvage value, and claims the car was not disposed of in a commercially reasonable manner as required where a deficiency judgment is sought. See *Gilbert v. Farmers & Merchants Bank*, 192 Ga. App. 700 (385 SE2d 782) (1989). "Unsworn allegations in pleadings that have not been admitted by the opposing party are not evidence for purposes of summary judgment resolution." *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843) (1988). Factual questions remain as to the commercial reasonableness of the sale.

Worley also alleged as a defense that Clancy Ford was not the real party in interest because the claim was assigned to its insurance carrier. The retail installment contract recites that it was assigned to First Union National Bank of Georgia. As the record stands, a factual question exists as to Clancy Ford's interest in the action. See OCGA § 9-11-17.

On the present record, we find no merit in Worley's additional allegations that Clancy Ford or the holder of the contract is estopped to collect a deficiency judgment because Clancy Ford promised it would maintain insurance to cover damage to the car for 30 days after the purchase, and failed to do so. The contract clearly provides that it was Worley's responsibility to "maintain property insurance protecting the Seller or Holder for loss or damage to the property. . . ." "One not prevented from reading the contract, and having the capacity and opportunity to do so, cannot after signing it claim he was fraudulently induced to sign by promises which contradict the express terms of the contract." *Campbell v. C & S Nat. Bank*, 202 Ga. App. 639, 640 (415 SE2d 193) (1992). Based on the record as it stands, Worley has failed to demonstrate a factual issue regarding her contention that a $20 fee she paid under the contract was intended to procure property insurance on the car.

*Judgment reversed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 17, 1992.

*Jon A. Green*, for appellant.
*Goldner, Sommers, Scrudder & Bass, Glenn S. Bass, Linda J. Pollock*, for appellee.