A94A1587. GREEN ROOM, INC. v. CONFEDERATION
LIFE INSURANCE COMPANY.
(450 SE2d 290)

JOHNSON, Judge.

The Green Room, Inc., while leasing commercial property from Confederation Life Insurance Company, filed for bankruptcy. The bankruptcy court entered a consent order, stating that Green Room agreed to vacate the leased premises by November 30, 1993, and that the automatic stay provision of the bankruptcy code would not apply to any future dispossessory action taken by Confederation. After Green Room failed to vacate the premises by November 30, 1993, Confederation filed the instant dispossessory warrant based on Green Room's failure to pay rent. Green Room filed a second bankruptcy petition, and Confederation again obtained an order from the bankruptcy court lifting the automatic stay as to its dispossessory action. Confederation and Green Room tried the dispossessory case before a judge sitting without a jury. The trial court entered judgment in favor of Confederation, awarding damages for unpaid rent and issuing a writ of possession. Green Room appeals.

1. Green Room argues the trial court erred in finding Confederation properly demanded possession of the premises before filing the dispossessory action. See OCGA § 44-7-50. "A trial judge sitting without a jury is entitled to have his judgment considered as a verdict by a jury, and if there is any evidence to support the finding, it should be affirmed. Also the evidence must be construed most strongly in favor of the prevailing party." (Citations and punctuation omitted.) *Collier v. South Carolina Ins. Co.,* 205 Ga. App. 323, 324 (422 SE2d 52) (1992); see *Draper & Kramer v. Lerow,* 143 Ga. App. 413, 414 (4) (238 SE2d 560) (1977). Here, the court based the finding in question on the bankruptcy consent order. The trial court concluded: "the agreement contained in the bankruptcy court consent order is tantamount to a demand for possession by [Confederation] and agreement by [Green Room] to surrender possession." Contrary to Green Room's argument, the agreement set forth in the consent order, construed in favor of the verdict, is some evidence supporting the trial court's find-

ing. Because Green Room agreed to vacate the premises by a specific date and to lift the automatic stay against any future dispossessory action by Confederation, the trial court could reasonably infer that Confederation had already made a demand for possession of the premises.

Even if the consent order were not some evidence supporting the trial court's finding, we would still be required to uphold the finding because there is no transcript of the evidence presented at trial. Absent a transcript, we must presume the proceedings were regular and the evidence supported the trial court's findings. See *Bread of Life Baptist Church v. Price*, 194 Ga. App. 693, 694 (392 SE2d 15) (1990).

Moreover, Green Room's argument that the court erroneously found Confederation made a proper demand for possession of the premises is rendered moot by the court's additional finding that any further demand would have been useless. Without a trial transcript, we must presume this additional finding is supported by some evidence. See *Bread of Life Baptist Church v. Price*, supra. Because a demand for possession would have been useless, Confederation was not required to make it. "[I]t is not necessary for a landlord to prove a demand for possession when it appears that the demand, if made, would be refused. [Cit.]" *Henderson v. Colony West*, 175 Ga. App. 676, 678 (2) (332 SE2d 331) (1985). Green Room has shown no error.

2. Green Room contends the trial court erred in denying its motion to dismiss this dispossessory action for nonpayment of rent because Confederation, prior to filing the action, accepted a late rent payment. Green Room bases its contention on the following rule: " 'Where the landlord accepts rent from the tenant after the default but before the dispossessory proceeding, the landlord then has no right to institute dispossessory proceedings against the tenant during the ensuing period on account of the tenants' arrears in the payment of past due rent.' [Cits.]" *C & A Land Co. v. Rudolf Invest. Corp.*, 163 Ga. App. 832, 834 (296 SE2d 149) (1982). In *C & A Land Co.*, and other cases which have applied this rule to prevent a landlord's dispossessory action, the landlord inconsistently attempted to reject or terminate the lease, but thereafter accepted rental payments under the terms of the lease. See *Hicks v. Beacham*, 131 Ga. 89 (62 SE 45) (1908); *Gay v. American Oil Co.*, 115 Ga. App. 18 (153 SE2d 612) (1967); *Yates v. Farmer*, 102 Ga. App. 570 (117 SE2d 211) (1960). Under such circumstances, the landlord's subsequent attempt to dispossess the tenant for nonpayment of rent was clearly improper.

Such circumstances, however, do not exist in the instant case. Confederation did not inconsistently claim the lease was terminated and thereafter accept rent payments under the terms of the lease; rather, two weeks after accepting a late rent payment of $7,200 tendered by Green Room, Confederation filed this dispossessory action,

claiming Green Room's rent was still in arrears in excess of $80,000. Contrary to Green Room's position, Confederation's acceptance of this late payment did not waive Confederation's right to dispossess Green Room based on the additional rent arrearage exceeding $80,000. The trial court therefore did not err in denying Green Room's motion to dismiss. Compare *Kunian v. Mangel Stores Corp.*, 140 Ga. App. 244, 245 (230 SE2d 492) (1976).

3. Green Room's challenge to the sufficiency of the evidence supporting the court's award of damages based on past due rent is without merit. Absent a transcript of the trial, we must presume that award is supported by sufficient evidence. See *Bread of Life Baptist Church v. Price*, supra.

*Judgment affirmed. Beasley, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 15, 1994.

*Graham G. McMurray,* for appellant.
*Arnold J. Bennett,* for appellee.