A96A2181. KIM v. TEX FINANCIAL CORPORATION et al.

(479 SE2d 375)

BLACKBURN, Judge.

In an unrecorded bench trial, the trial court found Kim liable to Tex Financial on a promissory note. Kim appeals, contending that

the plaintiff corporation had no capacity to sue and was not the proper party and that the trial court should have joined an indispensable party. As the settled law is against Kim and the lack of a trial transcript or statutorily authorized substitute leaves us with little or nothing to review, the judgment is affirmed.

Tex Financial Corporation sued Kim on a promissory note which clearly names "Tex Financial Corp.," and no one else, as the lender (or "payee"). Kim answered, admitting he executed "a note" on behalf of his business and alleging that the persons who bought his business were the only parties liable on the note. He then filed a third-party action against the purchasers of his business in which he alleges that "[o]ne of the Promissory Notes for the business was held by the Plaintiff," Tex Financial. These pleadings raise no issue of the capacity of Tex Financial to bring this suit. Over a year later, Kim filed a "motion to dismiss" in which he states that Tex Financial was not a legal entity when he executed the note to it, and "Chris Won" rather than Tex Financial is the proper party plaintiff. No affidavits or other evidentiary material accompanied this motion. Nothing shows the trial court ruled on this motion, but four days after the motion was filed it held an unrecorded bench trial and issued findings of fact and conclusions of law. The trial court specifically found that Tex Financial and Kim entered into the promissory note, and it awarded damages to Tex Financial. Kim again raised the issues of proper party and indispensable party in his motion for new trial. The trial court denied that motion in a summary order.

1. Kim is estopped to deny Tex Financial's right to sue him on this note. "The existence of a corporation cannot be attacked by persons who have dealt with it as a corporation." *Walker v. Joanna M. Knox & Assoc.*, 132 Ga. App. 12, 13 (2) (207 SE2d 570) (1974); see also *Cahoon v. Ward*, 231 Ga. 872, 874-875 (1) (204 SE2d 622) (1974). Furthermore, the question of whether Tex Financial was a proper party was one of fact, see *Worley v. Chuck Clancy Ford of Marietta*, 206 Ga. App. 296, 297 (425 SE2d 376) (1992), and without a transcript we must presume the trial court's determination is supported by evidence. *Green Room v. Confederation Life Ins. Co.*, 215 Ga. App. 221, 222 (1) (450 SE2d 290) (1994). This enumeration of error must fail.

2. Kim also claims the trial court should have dismissed the suit because it was not brought in the name of the real party in interest, Won, whom Kim claims was an "indispensable party." The trial court's failure to explicitly rule on Kim's motion amounted to a denial of it. *Hewett v. Carter*, 215 Ga. App. 429, 430 (2) (450 SE2d 843) (1994). Furthermore, because the questions of "real party in interest" and "indispensable party" required evidence not contained in the pleadings, the court presumably heard evidence on this motion before or during the bench trial. See OCGA § 9-11-43; see also *Hodg-*

*skin v. Markatron, Inc.*, 185 Ga. App. 750, 752 (3) (365 SE2d 494) (1988). Without a transcript of any hearing, and without any evidence to indicate the trial court erred, this Court must presume it reached the right conclusion. *Green Room*, supra. This enumeration of error has no merit.

3. This appeal is frivolous, as Kim could not possibly have expected to prevail on this appeal as the law is clear and he provided no transcript of the proceedings from which he appeals. Pursuant to Court of Appeals Rule 15 (b), we assess a frivolous appeal penalty of $500 against Kim and his attorney of record, jointly and severally. This penalty shall be included in the remittitur.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED NOVEMBER 13, 1996.

*Larry H. Tatum*, for appellant.

*Kesmodel & Mason, Claude D. Mason, Udai V. Singh*, for appellees.