A02A0343. CANNON v. WESLEY PLANTATION APARTMENTS et al.
(568 SE2d 137)

RUFFIN, Judge.

Felipe Cannon sued Wesley Plantation Apartments, alleging that his former landlord wrongfully retained a security deposit and fraudulently demanded additional money. Wesley Plantation denied Cannon's allegations and counterclaimed, asserting that it was entitled to retain the security deposit. Wesley Plantation also sought an additional $543 for excessive damage to the apartment and payment of attorney fees pursuant to the lease agreement. Following a bench

---

trial, the court found in favor of Wesley Plantation, and Cannon filed this appeal. For reasons that follow, we affirm.

The record demonstrates that, in April 1998, Cannon signed an apartment lease with Wesley Plantation that required him to pay a $100 security deposit. The lease provided that the deposit would be returned to Cannon

> within 30 days after termination of this Agreement or surrender and acceptance of the apartment, whichever occurs last, if: (a) all obligations of Tenant have been performed, and (b) Apartment is not damaged and is left in its original condition, normal wear and tear excepted. The Deposit . . . may be applied by Agent to satisfy all or part of Tenant's obligations under this Agreement but retention of the Deposit shall not prevent Agent from recovering additional damages and/or sums due.

Cannon notified Wesley Plantation of his intent to surrender the apartment on September 1, 1999. That same day, Gina Eads, an assistant manager at the complex, conducted a walk-through of the apartment with Cannon. According to Eads, she noted damage to the apartment that was not normal wear and tear. Eads then filled out a form noting the damaged areas, which included the carpet, the kitchen countertops, and the vinyl in the kitchen. Eads asked Cannon to sign the form, but he refused and claimed that the damage was normal wear and tear.

According to Wesley Plantation, the cost to repair the apartment was $751, which was offset by Cannon's $100 deposit. Within three days of the September 1 walk-through, Wesley Plantation mailed to Cannon's last known address a "Statement of Security Deposit Accounts" demanding that Cannon pay $651. In October 1999, Wesley Plantation mailed Cannon a revised statement, reducing the amount owed to $543. Wesley Plantation did not receive payment from Cannon, and it turned the matter over to a collection agency.

In May 2000, Cannon sued Wesley Plantation,[1] alleging that the complex had "wilfully breached [his] contractual rights," "wilfully failed and refused to return [his] security deposit" in violation of OCGA §§ 44-7-33, 44-7-34, and 44-7-35, and "fraudulently demanded [that he] pay . . . [$543] which [Wesley Plantation] know[s] is not owed or due." The trial court ruled against Cannon and in favor of Wesley Plantation on its counterclaims, and this appeal ensued.

1. In his first enumeration of error, Cannon contends that the trial court erred in failing to adjudicate his claims "in Accordance

---

[1] Cannon also sued the collection agency, but he subsequently dismissed it as a party.

with Stand [sic] Case Law." Cannon quotes *Oastler v. Wright*[2] for the proposition that "in cases of doubt, in contests between landlords and tenants, the issue will be resolved in favor of the tenant."[3] Cannon extrapolates from this sentence that, in all disputes between landlords and tenants, the tenant should win because the trial court must view the evidence in favor of the tenant. He then points to his own self-serving testimony and contends the trial court should have viewed this evidence "in the light most favorable" to him.

In attempting to interpret *Oastler*, Cannon grossly mischaracterizes the legal principles involved. Initially, we note that the quote from *Oastler* refers to "cases of doubt," not all disputes. Moreover, that case is factually distinguishable. *Oastler* involves a forfeiture stipulation in a lease that the landlord attempted to enforce through a dispossessory action. The sentence preceding that quoted by Cannon is "[s]tipulations for forfeitures in leases are not favored by the courts."[4] As the parties had mutually departed from the terms of the lease, our Supreme Court declined to enforce a forfeiture stipulation based on late payment of rent where no demand for rent had been made.[5] Thus, contrary to Cannon's contention, *Oastler* is not the legal equivalent of baseball's custom that a tie goes to the runner. In other words, when there is contradictory evidence in landlord-tenant disputes, the factfinder is not required to favor the tenant.[6]

2. In his second enumeration of error, Cannon maintains that the trial court erred in finding in favor of Wesley Plantation on its counterclaims. In reviewing this alleged error, we note that Cannon's mistaken belief that his testimony was entitled to greater deference colors his entire argument. Nonetheless, to the extent Cannon argues that legal error was committed, we address his contention on appeal.[7]

At the crux of Cannon's complaint is his contention that the evidence demanded judgment in his favor. In reviewing such contention,

---

[2] 201 Ga. 649 (40 SE2d 531) (1946).

[3] Id. at 652.

[4] Id.

[5] See id. at 653-654.

[6] Cannon cites three other cases in support of his novel proposition, which are equally unavailing. See *Gay v. American Oil Co.*, 115 Ga. App. 18 (153 SE2d 612) (1967) (forfeiture stipulation in a lease); *Smiths' Properties v. RTM Enterprises*, 160 Ga. App. 102, 103 (2) (286 SE2d 334) (1981) (in cases of doubt, leases will be construed in favor of tenant); *Farm Supply Co. &c. v. Cook*, 116 Ga. App. 814, 818-819 (2) (159 SE2d 128) (1967) (construction of lease).

[7] Although Cannon contends that the trial court erred in finding in favor of Wesley Plantation on its counterclaims, he limits his argument and citation of authority to Wesley Plantation's retention of the security deposit. As Cannon provides no argument or citation of authority pertaining to Wesley Plantation's counterclaim for the $543 in damages and $2,500 in attorney fees, he has abandoned these issues on appeal. See *Dixon v. MARTA*, 242 Ga. App. 262, 266 (4) (529 SE2d 398) (2000).

we construe the evidence in the light most favorable to support the trial court's judgment.[8] Moreover, in a bench trial, the trial court is the factfinder, and we will uphold its findings on appeal if there is any evidence to support them.[9]

Cannon contends that he was entitled to the return of his security deposit based upon Wesley Plantation's failure to comply with statutory provisions that govern a landlord's ability to retain security deposits. We disagree.

Under OCGA § 44-7-33 (b), a landlord is required to inspect the apartment within three days after the tenant surrenders the apartment. OCGA § 44-7-34 (a) provides, in pertinent part, that a landlord must notify former tenants of its intent to retain the security deposit within one month after the termination of the lease or the surrender of the apartment, whichever occurs last.

Here, the evidence supports the trial court's conclusion that Wesley Plantation complied with statutory requirements. Eads testified that the walk-through was conducted within three days. And a representative from Wesley Plantation's corporate office testified that written notification of the company's intent to retain the security deposit was timely mailed to Cannon. According to Cannon, however, he never received any statement setting forth the reasons for Wesley Plantation's retention of the deposit. Rather than requiring actual receipt, however, the statute merely demands that the landlord mail the statement "to the last known address of the tenant via first class mail."[10] Given the evidence that Wesley Plantation complied with the law and the conflicting evidence of damage to the apartment beyond normal wear and tear, the trial court was authorized to enter judgment in favor of Wesley Plantation.

*Judgment affirmed. Pope, P. J., and Barnes, J., concur.*

DECIDED JULY 1, 2002.

Felipe Cannon, *pro se.*

*Christie, Toreno & Hatcher, Carrie L. Christie, Angela F. Carson,* for appellees.

---

[8] See *Mills v. Barton*, 205 Ga. App. 413, 414 (3) (422 SE2d 269) (1992).

[9] See *CRS Sirrine v. Dravo Corp.*, 219 Ga. App. 301, 302 (1) (464 SE2d 897) (1995).

[10] OCGA § 44-7-34 (a).