A02A1673. SHAMSAI v. COORDINATED PROPERTIES, INC.
(576 SE2d 901)

BARNES, Judge.

This appeal arises from a breach of lease contract action filed by Coordinated Properties, Inc. against Hossein Shamsai d/b/a BB Com (Shamsai). Following a bench trial, the trial court entered judgment in favor of Coordinated Properties in the amount of $39,494.72. Shamsai appeals.

1. Shamsai's sole enumeration of error complains that the trial court erred by refusing to grant his oral motion for a continuance of his trial. However, Shamsai specified in his pro se notice of appeal that no trial transcript was to be included in the record. When a transcript of the evidence is necessary, as it is here, and the appellant specifically omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the trial court's decision. *Burnette v. Perry*, 253 Ga. App. 407 (559 SE2d 153) (2002). Shamsai has the burden to compile a complete record of what happened at the trial level which, at a minimum, includes a transcript of that portion of the proceedings in which the error is alleged to have occurred or, alternatively, a stipulation of the case approved by the judge who conducted the proceedings. OCGA § 5-6-41 (c), (i); *Tadlock v. Duncan*, 215 Ga. App. 441, 443 (1) (451 SE2d 80) (1994). He did not do so. Further, factual assertions in appellate briefs not supported by evidence in the record cannot be considered in the appellate process. *Behar v. Aero Med Intl.*, 185 Ga. App. 845, 846 (1) (366 SE2d 223) (1988).

Accordingly, because there is no transcript of Shamsai's request for a continuance, and, as such, there is nothing in the record regarding the nature of this request or the parameters of the trial court's denial of this request, we cannot say that the trial court erred in declining to grant a continuance. " 'The burden is on the party alleging error to show it affirmatively by the record, and when he does not

do so, the judgment is assumed to be correct and must be affirmed.' " *McClarity v. State*, 234 Ga. App. 348, 351 (506 SE2d 392) (1998). Further, even if the record supported Shamsai's presentation of the facts, the trial court did not abuse its discretion in denying the motion for continuance. OCGA § 9-10-167; *Purvis v. Ballantine*, 226 Ga. App. 246, 247 (1) (b) (487 SE2d 14) (1997).

2. Coordinated Properties moves for damages for frivolous appeal pursuant to OCGA § 5-6-6, which provides that "[w]hen in the opinion of the court the case was taken up for delay only, 10 percent damages may be awarded by the appellate court upon any judgment for a sum certain which has been affirmed." Judgment was entered by the trial court in the amount of $39,494.72.

The record shows that Shamsai moved for and received an extension of time to file his appellate brief, yet his two-page brief consists of statements such as: "On the morning of March xxxxx, 2000" and "to defend an action filed by the Plaintiff for rent claimed due on a lease entered into by the Defendant on or about xxxx." His brief contains no citations to the record, and the argument, which was in a type font smaller than that required by Court of Appeals Rule 1 (c), contains no citations to authority. See Rule 27 (a) (1), (3). Curiously, given the extension of time he was given to file his appellate brief, Shamsai's four-page reply brief[1] complains that he was "unable to file a complete brief in support of his Appeal" because of time constraints. His reply brief also asserts that he could not file a complete brief because of the late employment of counsel even though the record shows that he was Shamsai's counsel in the trial court. He also cites to a transcript that he specifically excluded from the record and which obviously this Court has not seen, and only cites to this missing transcript twice. Both cites are to obvious hearsay, regarding Shamsai's absence from trial, such as: "Shamsai then informed his Counsel that he had to be at [a scheduling conference in Fulton County] and departed before his case was called for hearing at the Gwinnett County Courthouse. (See T. p. 23, L9-14)," and also "The Order was signed on January 25, 2002, but no evidence was presented, since the Appellant was not present, indicating when he actually received the Order from the Court or from his Counsel. (See T. p. 5, L17-25)." Yet obviously essential facts, such as Shamsai's counsel's motion for a continuance and the trial court's denial of such motion, both critical to Shamsai's argument that the trial court erred in denying his continuance, were curiously not cited, and neither were any other relevant facts. Shamsai also failed to include in the

---

[1] Shamsai was also granted an extension of time to file his reply brief.

record the alleged scheduling conference order from the Fulton County Superior Court.

It thus appears to this Court that all of the issues raised by appellant are meritless and that Shamsai, who filed his notice of appeal pro se, pursued this appeal for delay only. *Yoh v. Daniel*, 230 Ga. App. 640, 643 (4) (497 SE2d 392) (1998). Accordingly, we grant the motion for imposition of a frivolous appeal penalty pursuant to OCGA § 5-6-6, and the trial court is directed to enter judgment in favor of Coordinated Properties for frivolous appeal damages in the amount of ten percent of the judgment awarded. "We note that damages for delay are especially appropriate where the underlying action, like this one, involves a collection action." *Stringer v. Harkleroad & Hermance*, 218 Ga. App. 701, 704-705 (2) (463 SE2d 152) (1995).

3. Considering the issue raised on appeal, the meager argument, the failure to include a complete record on appeal, and the total lack of merit to the arguments, we find no reasonable basis on which counsel could have anticipated reversal of the trial court's judgment. The cursory nature of appellant's briefs further supports this conclusion; appellant's counsel apparently could not be bothered even to determine the date of the hearing below. We can only conclude that this appeal was filed, and the repeated delays by appellate counsel interposed, only to delay the enforcement of the trial court's judgment. "Delay can be assumed where an appeal lacked merit. [Cits.] If an appellant knew or should have known that an appeal was illfounded, sanctions should issue. [Cit.]" *Stringer*, supra at 704-705 (2). Whether these tactics were the result of carelessness, incompetence, or wilful blindness is impossible to say, but the attitude of plaintiff and counsel throughout this litigation should be deplored and actively discouraged. Accordingly, we assess a $500 sanction against appellant's counsel under Court of Appeals Rule 15 (b) which provides that "[t]he panel of the Court ruling on a case, with or without motion, may by majority vote impose a penalty not to exceed $1,000.00 against any party and/or party's counsel in any civil case in which there is [an] appeal . . . determined to be frivolous." The trial court is directed to enter judgment in such amount upon return of the remittitur in this case. See *Rivers v. Almand*, 241 Ga. App. 565, 567 (2) (527 SE2d 572) (1999).

*Judgment affirmed with directions. Ruffin, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 5, 2003.

*Sampson Oliver, Jr.*, for appellant.

Hossein Shamsai, *pro se.*
*Rich & Smith, Randolph G. Rich*, for appellee.