A03A1781. CODY v. WANTON et al.
(593 SE2d 371)

BARNES, Judge.

Lamar Cody, the landlord and plaintiff below, appeals the judgment of the state court in a dispossessory action in favor of his tenants, Steve Wanton and Norma Wanton. As they did in the state court, the parties are proceeding pro se on appeal.

Cody contends the trial court erred by denying him the opportunity to speak and act for himself, to cross-examine the appellees at the trial, and to bring out facts to substantiate his case. The Wantons, however, assert that both parties were allowed to speak at trial.

Cody's enumeration of error requires review of the evidence presented at trial, but he has not provided this court with a transcript of the proceedings or an acceptable substitute. He had the burden of showing harmful error, and he was required to show this by the record on appeal, not by assertions appearing only in his brief or enumeration of error. *Sun v. Bush*, 179 Ga. App. 80, 81 (4) (345 SE2d 85) (1986). Therefore, in the absence of a transcript, we must assume the trial court's findings were supported by the evidence and the trial court's actions during the trial were appropriate. *Arrington v. Hand*, 193 Ga. App. 457, 458-459 (5) (388 SE2d 52) (1989). Further, a presumption of regularity of all proceedings in a court of competent

---

jurisdiction exists, and as the record provides no support for Cody's claim of error, we must affirm the trial court's ruling on this issue. *Nazli v. Scott*, 203 Ga. App. 523, 524 (1) (417 SE2d 187) (1992).

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED JANUARY 15, 2004.

Lamar Cody, *pro se.*
Steve Wanton, *pro se.*
Norma Wanton, *pro se.*