## S04A0718. STANLEY v. STANLEY et al.
### (596 SE2d 138)

THOMPSON, Justice.

Appellant/propounder Michelle Knight Stanley appeals pro se from an order of the Probate Court of DeKalb County denying her petition to probate the last will and testament of her husband, Christopher Stanley, on the basis that the testator lacked testamentary capacity. We affirm.

When the will was offered for probate, the testator's children, appellees Chrishena Stanley and Christopher Stanley, Jr., filed a caveat alleging lack of testamentary capacity, undue influence, and fraud. In support of this position, the caveators claimed that prior to the execution of the will the testator was determined to have permanent dementia. Conversely, the propounder asserted that at the time of execution of the will the testator had been counseled and no longer suffered from dementia.

After a full review of the evidence, the probate court determined that the testator suffered a stroke in December of 1988 which left him with significant brain damage, cognitive difficulties, and physical limitations; that propounder was the testator's primary care-giver from the time of his stroke; that the two were married in 1993; that in 1998, the testator executed a will naming the propounder as executrix and primary beneficiary; and that she cared for him until his death in 1999. The probate court concluded that due to his severe dementia, the testator "could not have [had] 'a decided and rational desire as to the disposition of his property'" and, as such, found the will ipso facto invalid. This appeal followed.

It is asserted that the probate court erred in determining that the testator lacked testamentary capacity. This issue requires consideration of the evidence which the probate court relied upon in making its ruling; however, a transcript of the evidence was neither requested nor made part of the record on appeal. The burden is on the appellant to arrange for the preparation and filing of the transcript of the lower court proceedings. OCGA §§ 5-6-41; 5-6-42. Where a transcript of the proceedings below is necessary for proper review

of the evidence, and the appellant omits it from the record on appeal, we must presume that the probate court ruled correctly on all issues presented and that the evidence was sufficient to support the judgment. *Brown v. Frachiseur*, 247 Ga. 463 (277 SE2d 16) (1981).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 27, 2004.

Michelle K. Stanley, *pro se.*

*Walter H. Beckham III, Joyner & Burnette, Mary Margaret Oliver*, for appellees.