## A05A0418. HENSLEY v. YOUNG.
(615 SE2d 771)

RUFFIN, Chief Judge.

Desiray Hensley petitioned to adopt A. H., the biological child of her husband, and to terminate the rights of A. H.'s biological mother, Amanda Young. Although the trial court found that Young had abandoned her child, the court nonetheless found that it was not in A. H.'s best interest to terminate his mother's parental rights, and it denied the petition. In her sole enumeration of error on appeal, Hensley contends that the trial court abused its discretion in denying her petition. As Hensley failed to ensure that the transcript of the proceedings was forwarded with the record on appeal, we must affirm.

It is well established that "[t]he burden is on the appellant to arrange for the preparation and filing of the transcript of the lower court proceedings."[1] Moreover, where an omitted transcript is necessary for this Court to review the alleged error, we are required to presume that the lower court ruled correctly and that the evidence presented at the hearing supported that court's judgment.[2] Here, Hensley's failure to include a transcript is fatal to her claim, as "we must assume that, in the absence of a transcript, the trial court's findings are supported by sufficient competent evidence."[3] It follows that the trial court's ruling is affirmed.

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

### ON MOTION FOR RECONSIDERATION.

This case serves to remind counsel that it is the appellant — and not the appellate court — that bears the burden of perfecting the

---

[1] *Stanley v. Stanley*, 277 Ga. 798 (596 SE2d 138) (2004).
[2] See id.
[3] *Pritchett v. Merritt*, 263 Ga. App. 252, 254 (2) (587 SE2d 324) (2003).

record on appeal. Hensley, through her attorney, Robert Kunz, has filed a motion for reconsideration, asserting that she "was unaware that the transcript was not included in the record on appeal." According to Hensley, she ordered and paid for the preparation of the transcript and thus we should not fault her for its lack of inclusion in the record.

"It is the primary responsibility of the appropriate parties and not this court to ensure that all documents relevant to the disposition of an appeal be duly filed with the clerk of this court prior to the issuance of our appellate decision."[4] This includes "complet[ing] the record by taking steps to ensure that transcripts are filed in a timely manner."[5] This Court is under no obligation either to search for transcripts or to contact parties to inform them that a necessary transcript is missing from the appellate record. Nonetheless, as a matter of courtesy, this Court may and often does contact a lower court to determine whether a transcript was inadvertently omitted. Two such calls were made in this case, and the transcript still failed to materialize.

As the statutory scheme places the burden of ensuring that necessary transcripts are included in the record squarely upon the parties, we properly concluded that Hensley's failure to ensure that the transcript was included was fatal to her claim. It follows that her motion for reconsideration is denied.

*Motion for reconsideration denied.*

DECIDED MAY 23, 2005 —
RECONSIDERATION DENIED JUNE 16, 2005 — 

*Robert A. Kunz*, for appellant.
*Jana L. Evans*, for appellee.

---

[4] *Williams v. Food Lion*, 213 Ga. App. 865, 868 (446 SE2d 221) (1994) (on motion for reconsideration).

[5] *Thompson v. State*, 248 Ga. App. 74, 75 (544 SE2d 510) (2001). See also OCGA § 5-6-42 ("Where there is a transcript of evidence and proceedings to be included in the record on appeal, the appellant shall cause the transcript to be prepared and filed.").