A05A0392. WEST et al. v. AUSTIN et al.
(618 SE2d 662)

ADAMS, Judge.

Robert E. West, Sr. and Joan West appeal the trial court's denial of their motion for new trial following a jury verdict in favor of Charles Austin and RE/MAX Realty Group on their claim for breach of an exclusive listing agreement. The Wests assert on appeal that the trial court failed to properly charge the jury on the issue of attorney fees and further take issue with the form of the special verdict submitted to the jury.

Our consideration of these issues necessarily requires a review of the proceedings below, but the Wests failed to include in the appellate record a transcript of the trial or a legally acceptable substitute. The Wests bear the burden of showing harmful error on appeal, and they must show this by the record, not merely by assertions appearing in their briefs or enumerations of error. *Cody v. Wanton*, 265 Ga. App. 174 (593 SE2d 371) (2004).

> Therefore, in the absence of a transcript, we must assume the trial court's findings were supported by the evidence and the trial court's actions during the trial were appropriate. Further, a presumption of regularity of all proceedings in a court of competent jurisdiction exists, and as the record provides no support for [the Wests'] claim[s] of error, we must affirm the trial court's ruling on [these issues].

(Citations omitted.) Id. at 174-175.

Moreover, we note that it is unclear from the record whether the argument regarding the special verdict was raised in the Court below, although the Wests did assert error in the jury charge on attorney fees. To the extent that the Wests are attempting to raise the issue of the special verdict for the first time on appeal, that attempt must fail. "This court . . . will not consider arguments neither raised nor ruled on in the trial court and that are asserted for the first time on appeal." (Punctuation and footnote omitted.) *Community Bank v. Handy Auto Parts*, 270 Ga. App. 640, 642-643 (1) (607 SE2d 241) (2004).

Further, Austin and RE/MAX contend that the Wests waived the right to raise these issues on appeal because their trial attorney specifically stated that he had no objections to either the jury charge or the special verdict form. And in denying the Wests' motion for new trial, the trial court specifically found that their trial attorney had "stipulated in the jury charge conference that attorney's fees would be charged by the Court and had previously stipulated that the amount would be submitted by proffer." Further, their appellate counsel made reference to waiver issues in arguing the motion before the trial court. And we note that the Wests failed to provide citations showing that these issues had been properly preserved for appellate review. To the extent that these issues were not properly preserved below, they are waived on appeal. See OCGA § 5-5-24 (a); *Torres v. Tandy Corp.*, 264 Ga. App. 686, 690 (3) (592 SE2d 111) (2003).

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

## On Motion for Reconsideration.

The Wests moved for reconsideration after we entered an opinion in this case without review of the trial transcript because it had not been included in the appellate record. Although the Wests note that their notice of appeal stated that the "entire record" should be transmitted to this Court, we take this opportunity to remind the bar that such language is not sufficient to ensure the transmittal of transcripts to this Court. OCGA § 5-6-37 directs that in addition to designating what portions of the record are to be included on appeal, the notice of appeal must also "state whether or not any transcript of evidence and proceedings is to be transmitted as a part of the record on appeal." Thus, it is an appellant's burden to ensure that the proper transcripts are filed, and the Wests failed to carry that burden by failing to designate that any transcripts be included in the appellate record. See *Durham v. Winn-Dixie Stores*, 215 Ga. App. 209 (450 SE2d 257) (1994).

Moreover, a review of the recently-filed transcript merely confirms that the Wests waived any right to assert their arguments on appeal as their trial counsel raised no objection or exceptions to the

jury charge below and further stated on the record that the special verdict form was acceptable. Accordingly, their motion for reconsideration is denied.

*Motion for reconsideration denied.*

DECIDED JULY 14, 2005 —
RECONSIDERATION DENIED JULY 28, 2005.

*Albert C. Palmour*, for appellants.
*Sparticus D. Heyward*, for appellees.