## A06A1000. VAUGHN v. ROBERTS.

(640 SE2d 293)

RUFFIN, Chief Judge.

Lynda Vaughn is the daughter of Annie Bell Roberts. Roberts sued her daughter, alleging that Vaughn wrongfully obtained from Roberts a quitclaim deed granting her a half interest in the house where Roberts lived. When Vaughn did not appear for trial, the trial court struck Vaughn's answer, granted a default judgment to Roberts, and set aside the quitclaim deed. Vaughn appealed, and we dismissed her appeal by order.[1] Roberts subsequently filed a motion for contempt in the trial court, alleging that Vaughn was "willfully disobey-[ing]" the trial court's order and "engag[ing] in contumacious conduct." After a hearing, the trial court found Vaughn in contempt and ordered her to comply with the earlier judgment and to pay Roberts' attorney fees associated with bringing the motion. Vaughn appeals the finding of contempt and, for reasons that follow, we affirm.

Initially, we note that Vaughn has filed a woefully inadequate brief, less than two pages in length. Our rules require that an appellant's brief contain three parts: a statement of the proceedings below and relevant material facts, with citation to the record; an enumeration of errors; and argument and citation of authorities.[2] Vaughn's brief has a section labeled "Part I," which is blank. This is followed by a one-sentence enumeration of error and a two-paragraph "Citation of Authority." The brief cites an inapplicable code section and contains no citation to the record.[3]

The inadequacy of Vaughn's brief, inter alia, dooms her appeal. Vaughn apparently argues that the trial judge was biased and should have recused herself rather than rule on the contempt motion.[4] But Vaughn points to no evidence of this bias, and the record contains no transcripts for us to review.[5] The trial court's order found that Vaughn had wilfully failed to comply with its previous order, which is a

---

[1] Vaughn sought to appeal the entry of the default judgment, an award of attorney fees to Roberts, and the denial of her motion to set aside the default judgment and for a new trial. The default judgment was entered on April 6, 2004, but Vaughn did not file a notice of appeal until October 22, 2004. We dismissed Vaughn's appeal on January 27, 2005 because she failed to file a timely notice of appeal and failed to follow the applicable discretionary appeal requirements.

[2] See Court of Appeals Rule 25 (a).

[3] See Court of Appeals Rule 25 (c) (3) (i) ("Each enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of such reference, the Court will not search for or consider such enumeration.").

[4] Vaughn states that "[t]he record reflects ongoing impartiality by the lower Court." We presume that she intended to assert *partiality* by the trial judge.

[5] It is the appellant's burden to ensure that all necessary transcripts are included in the record on appeal. See *Hensley v. Young*, 273 Ga. App. 687, 687-688 (615 SE2d 771) (2005). Without a transcript, we must assume that the trial court acted appropriately. See *West v. Austin*, 274 Ga. App. 729, 729-730 (618 SE2d 662) (2005).

sufficient basis for a finding of contempt.[6] Because Vaughn has not complied with the rules of this Court and has failed to carry her burden of showing error, we affirm the trial court's finding of contempt.[7]

Roberts asks that we sanction Vaughn for a frivolous appeal pursuant to Court of Appeals Rule 15. An appeal is frivolous if it is filed only to delay the enforcement of the trial court's judgment.[8] "Delay can be assumed where an appeal lack[s] merit. If an appellant knew or should have known that an appeal was ill-founded, sanctions should issue."[9] Our review of the record, both in this appeal and in Vaughn's previous appeal, the cursory nature of the brief, and Vaughn's failure to provide a complete record all indicate that Vaughn's appeal lacks merit and was brought for purposes of delay.[10] We therefore impose a penalty of $250, which constitutes a money judgment against Vaughn and her counsel, jointly and severally, in favor of Roberts.[11]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

## ON MOTION FOR RECONSIDERATION.

On motion for reconsideration, Vaughn contends that a transcript was part of the record on appeal. It appears that the transcript was filed in a related case which was dismissed. However, this does not change the outcome of the case. Vaughn did not include either a statement of facts or any citation to the record in her brief, thus providing no specific reference to the transcript and utterly failing to carry her burden of showing error. Even in her motion for reconsideration, Vaughn cites only generally to the transcript and provides no specific page numbers to support her assertions of what "the record reveals." This is a clear violation of our rules.[12] Accordingly, Vaughn's motion for reconsideration is denied.

*Motion for reconsideration denied.*

---

[6] See *Folds v. Barber*, 279 Ga. App. 671 (632 SE2d 403) (2006).

[7] See Court of Appeals Rule 7 (appeal may be dismissed for failure to comply with Court rules); *Majeed v. Randall*, 279 Ga. App. 679, 680-681 (2) (632 SE2d 413) (2006) (an appellant must show error from the record, and this burden is not satisfied by mere assertions in the appellate brief).

[8] See *Shamsai v. Coordinated Properties*, 259 Ga. App. 438, 440 (3) (576 SE2d 901) (2003).

[9] (Citation and punctuation omitted.) Id.

[10] See id.

[11] See Court of Appeals Rule 15 (b), (c); *Kim v. Tex Financial Corp.*, 223 Ga. App. 528, 530 (3) (479 SE2d 375) (1996).

[12] See Court of Appeals Rule 25 (c) (3) (i); *Mariner Healthcare v. Foster*, 280 Ga. App. 406, 408 (1) (634 SE2d 162) (2006).

Decided October 2, 2006 — Reconsiderations denied
November 13, 2006 and December 12, 2006.

*Nakata Smith Fitch*, for appellant.
*Franklin & Hubbard, Curtis L. Hubbard, Jr.*, for appellee.