### A11A0426. SMITH v. BANK OF AMERICA, N.A.
(705 SE2d 692)

MILLER, Presiding Judge.

Appellant Vivian H. Smith, pro se, has filed a timely appeal from a dispossessory order. For this Court to address the merits of the instant appeal, however, we must have a sufficient record before us. As the appellant, Smith bears the burden of providing such record. See *Hensley v. Young*, 273 Ga. App. 687, 688 (615 SE2d 771) (2005) (on motion for reconsideration). Generally, this requires a transcript of the evidence or an authorized substitute. See OCGA § 5-6-41 (g) and (i). Here, we have neither. The record consists only of the dispossessory warrant, Smith's answer with attachment by which she alleges that Ocwen Loan Servicing, LLC ("Ocwen"), was not entitled to foreclose on her property because it held neither the promissory note nor the title to her residence when it "executed [the] Deed Under Power and Special Warranty Deed to [Appellee] Bank of America[ ] National Assoc[iation]." Given the skeletal record before us, we are unable to meaningfully review any alleged error.

Under these circumstances, we must assume that the order of the trial court was proper.[1] See *Harden v. Young*, 268 Ga. App. 619, 620 (606 SE2d 6) (2004) ("When a transcript of the evidence is

---

[1] Smith's motions to add Ocwen as a party and to reserve her defense on appeal are therefore denied as moot.

necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the grant of a writ of possession.") (punctuation and footnotes omitted).

*Judgment affirmed. Ellington, C. J., and Doyle, J., concur.*

DECIDED JANUARY 20, 2011 — 

Vivian H. Smith, *pro se.*
*Richard B. Maner*, for appellee.