A11A2180. TERRY v. BURLEY.

(720 SE2d 309)

ELLINGTON, Judge.

Following a bench trial, a judge of the Superior Court of DeKalb County entered judgment in favor of plaintiffs Keith Burley and 4K Appraisal Services, Inc., on claims against Todd Terry for Terry's fraudulently converting to his own use residential property owned by Burley. Terry appeals, contending that the trial court erred in admitting or excluding certain evidence and in allowing Terry to proceed to trial pro se after his counsel withdrew. As Terry has failed to carry his burden of showing error on appeal, we affirm.

1. Terry contends that the court erred in admitting allegedly improper and prejudicial character evidence during the bench trial. Terry, however, did not have the trial transcribed; thus, there is no transcript for this Court to review for error. Consideration of evidentiary issues necessarily requires a review of the proceedings below. Terry bears the burden of showing harmful error on appeal, and he must show this by the record, not merely by assertions appearing in his briefs or enumeration of errors. *Cody v. Wanton*, 265 Ga. App. 174 (593 SE2d 371) (2004).

> Therefore, in the absence of a transcript, we must assume the trial court's findings were supported by the evidence and the trial court's actions during the trial were appropriate. Further, a presumption of regularity of all proceedings in a court of competent jurisdiction exists, and as the record provides no support for [Terry's] claim of error, we must affirm the trial court's ruling on [these issues].

(Citations omitted.) Id. at 174-175.

2. Terry contends that "evidence was not presented during the trial that weighs against the verdict and judgment." He urges this Court to consider an affidavit that he filed with the trial court after his trial but which is not a part of the appellate record. He contends this affidavit would show that Burley had "full knowledge of the activity he claims [was] illegally committed[.]" Again, in the absence of a transcript demonstrating that the trial court erred in excluding this evidence, we must assume the court's actions were appropriate. Id.

3. Terry contends that the trial court erred in allowing his counsel to withdraw before trial and in allowing him to proceed pro se. The record shows that, on March 10, 2010, Terry's counsel notified him by certified mail of his intent to withdraw as counsel unless Terry paid the outstanding balance due to counsel. Then, on January 31, 2011, Terry's counsel filed a motion to withdraw; the attached certificate of service shows that counsel sent Terry a copy of the motion. The trial court entered an order permitting Terry's counsel to withdraw on February 11, 2011. Terry's trial occurred on March 3, 2011. There is no other evidence in the record concerning this issue.

> [I]n order for a defendant to obtain a new trial because of . . . the absence of his counsel at the trial, it must be shown that the party was without fault, and that he had a good defense to the action. . . .Where parties have a case in court, it is their duty to attend and look after their interests.

(Citations and punctuation omitted.) *Dunn v. Duke*, 216 Ga. App. 829, 831-832 (1) (456 SE2d 65) (1995). Given that Terry has not shown he was without fault or that he had a good defense, he has not carried his burden of showing error on appeal by demonstrating that he is entitled to a new trial on this basis. Consequently, we find no error.

*Judgment affirmed. Miller, P. J., and Doyle, J., concur.*

DECIDED NOVEMBER 23, 2011.

*Krohn & Moss, Shireen Hormozdi*, for appellant.
*Marcia M. Fuller*, for appellee.