S12F1507. RYMUZA v. RYMUZA.

(734 SE2d 384)

NAHMIAS, Justice.

On January 13, 2012, the trial court entered a final judgment in the divorce action filed by appellee Jeffrey Rymuza (Husband) against appellant Andreana Rymuza (Wife). We granted Wife's application for discretionary appeal under Supreme Court Rule 34 (4), and we now affirm the trial court's judgment.

1. Viewed in the light most favorable to the trial court's rulings, the evidence showed as follows. Husband and Wife married on April 4, 2008; they have no children together. On March 2, 2009, Husband filed for divorce in Houston County, where the marital residence is located. Wife, represented by attorney James W. Davis, answered and counterclaimed for divorce. On March 19, 2010, Wife filed a motion to dismiss based on reconciliation. On June 30, 2011, however, Wife filed an amended answer and counterclaim for divorce. That same day, the trial court held a final hearing, found that the parties had sex after the divorce action was filed, and dismissed Husband's complaint and Wife's counterclaim for divorce.

Near the end of July 2011, Wife moved back into the marital residence in Houston County. The parties then traveled to Florida from August 2 to 11, 2011, before returning to their house. On August 19, 2011, the police responded to an argument between Husband and Wife at the marital residence, but no arrests were made. The next day, however, Husband was arrested for threatening to kill Wife; he was released on bond two days later. As a condition of his bond, Husband was forbidden to have any contact with Wife, including at her work or her home, which the bond said was the marital residence. When Husband had the locks changed at the house, Wife called the police, told them that she lived there, and paid a locksmith $400 to rekey the locks so she would have access to the house.

On August 30, 2011, the police were again called to the marital residence, which they discovered had been ransacked, severely vandalized, and at least temporarily abandoned. Although Wife was not present at the scene, she was arrested in Houston County on a Bibb County fraud warrant later that day and then released. Each party

accused the other of inflicting the damage to their house. Wife, represented by attorney Davis, filed a petition in Houston County Superior Court for a temporary protective order under the Family Violence Act, OCGA §§ 19-13-1 to 19-13-56, seeking exclusive possession of the marital residence.

On September 8, 2011, Husband again filed for divorce in Houston County. The complaint sought a divorce on the grounds of Wife's cruel treatment and that the marriage was irretrievably broken, see OCGA § 19-5-3 (10), (13), and requested equitable division of the parties' assets and liabilities, the return of certain property, attorney fees, and a restraining order preventing Wife from disposing of assets or entering the marital residence. Husband's attorney contacted attorney Davis, who claimed that he did not represent Wife in this new divorce action and did not know where she was. An attempt to serve Wife at the marital residence was unsuccessful, and an internet search returned no information on her whereabouts. On September 27, 2011, the Houston County Sheriff filed an entry of service stating that a diligent search had been made for Wife and she could not be found in the court's jurisdiction.

Two days later, Husband filed an affidavit for service by publication recounting these attempts to serve Wife and suggesting that Wife was concealing her location because of pending Bibb County warrants for her arrest. That same day, the trial court entered an order authorizing service by publication, including notice to Wife at her last known address (the marital residence) informing her that she had been sued and was required to file and serve on Husband's attorney an answer in writing within 60 days of October 6, 2011. Wife did not file a responsive pleading or seek an extension of time by the deadline. In late November 2011, Wife was arrested in Gwinnett County on a Bibb County controlled substances warrant, and she again gave the marital residence as her home address for the bond paperwork.

The trial court set a final hearing for December 19, 2011. By now Wife was aware of the divorce case through Husband's attorney's discussions with attorney Davis. A few days before the final hearing, Davis called the court on Wife's behalf and was told the time and place of the hearing. Wife appeared at the final hearing with Davis; he had not filed an entry of appearance, but he told the court that he would do so. Wife did not file any responsive pleading before the hearing. The parties testified and were cross-examined about venue by Davis and Husband's attorney. The trial court found Wife's testimony regarding venue not credible and ruled that the more credible evidence showed that venue was proper in Houston County. Husband

then briefly took the stand to testify that the marriage was irretrievably broken and that he wanted a divorce on that ground; Wife did not cross-examine Husband on this issue, nor did she ask to testify again or present any additional evidence. The court found that the marriage was irretrievably broken. Davis agreed to forward a copy of the divorce decree to Wife when the court entered it.

On December 28, 2011, nine days after the final hearing but before a written order was entered, Davis filed on Wife's behalf an answer and counterclaim and a premature motion to set aside the order. In the answer and counterclaim, Wife disputed that venue was proper in Houston County, sought a divorce on the grounds of adultery and cruel treatment, see OCGA § 19-5-3 (6), (10), and asked to be awarded, among other things, the marital residence in Houston County and "all monetary assets held by" Husband. In the motion to set aside, Wife claimed that the court prevented her at the final hearing from presenting evidence and cross-examining Husband on the merits of his complaint and that she was not allowed to address the appropriateness of the notice by publication or the veracity of Husband's allegations in support thereof.

On January 13, 2012, the trial court entered a final judgment and decree of divorce. The divorce decree included findings that Wife was subject to the court's jurisdiction and that venue was proper in Houston County. The same day, the court entered an order denying Wife's motion to set aside. The court rejected Wife's characterization of the divorce decree as a default judgment, noting that Wife never indicated that she wished to contest the divorce and did not object to or contradict Husband's testimony at the final hearing that the marriage was irretrievably broken. The court concluded that all issues other than the divorce itself were resolved by a prenuptial agreement that was found to be valid and enforceable in the first divorce action, and that Wife was estopped from attempting to re-litigate those issues. Wife then filed an application for discretionary appeal, which this Court granted under our Rule 34 (4).

2. Wife contends that the trial court erred by entering a default judgment and preventing her from offering evidence and cross-examining Husband on the adequacy of notice and the merits of his complaint. Default judgments are not permitted in divorce suits, and "even without pleading [Wife] had the right to appear and contest at the trial." *Hinson v. Hinson*, 218 Ga. 447, 450 (128 SE2d 487) (1962). However, and despite references by Husband's attorney to the case being in "default," the trial court expressly stated in its order denying Wife's motion to set aside that this "was not a default judgment case,"

and the record confirms that the court did not enter a default judgment. Instead, there was a final hearing at which both parties appeared and testified.

> While there is no judgment by default in a divorce case, this rule means no more than that in any divorce case where no defensive pleadings are filed it is incumbent upon the trial court to hear evidence in support of the plaintiff's grounds of divorce and make an affirmative finding therefrom that the grounds are legal and are sustained by proof.

*Hammack v. Hammack*, 281 Ga. 202, 203 (635 SE2d 752) (2006) (citation omitted). When Husband finished his testimony on the merits of the divorce, Wife did not object or proffer any contrary evidence, nor did the trial court rule that she could not do so. See *McCoy v. McCoy*, 281 Ga. 604, 606 (642 SE2d 18) (2007) (finding no error in the granting of a divorce on the ground that the marriage was irretrievably broken where the appellant failed to proffer contrary evidence when he had the opportunity). Thus, this contention lacks merit.

3. Wife argues that service by publication was improper, that the trial court therefore lacked personal jurisdiction over her, and that she therefore was denied due process. However, the only judgment the trial court made was that the parties were divorced. The judgment did not purport to affect alimony or property rights. In *Abernathy v. Abernathy*, 267 Ga. 815 (482 SE2d 265) (1997), we held that personal jurisdiction over the defendant spouse is required for the court to rule on alimony, division of marital property outside Georgia, or attorney fees, but it is *not* required to grant a divorce alone as long as the plaintiff spouse has been domiciled in Georgia for the six-month period preceding the filing of the action — a fact that is undisputed here. See id. at 816-817. Thus, pretermitting whether Wife's personal jurisdiction and improper service claims were timely and properly raised in the trial court, these arguments have no merit in light of the limited relief awarded by the trial court.

Wife's denial of due process claim was not distinctly raised in and ruled on by the trial court, so it was not properly preserved for appeal. See *Hampton v. State*, 289 Ga. 621, 627 (713 SE2d 851) (2011). In any event, to the extent that due process required that Wife receive actual notice of the final divorce hearing, see *Abernathy*, 267 Ga. at 817, it is obvious that she had actual notice here, since she appeared at the hearing. See id. (holding that actual notice was shown even where the defendant made a special appearance to contest personal jurisdiction). Thus, Wife's due process argument is meritless.

4. Wife maintains that venue was improper in Houston County. Under the Georgia Constitution,

> a divorce case may be tried in the county of residence of the plaintiff if the defendant has moved from that same county within six months from the date of the filing of the divorce action and said county was the site of the marital domicile at the time of the separation of the parties . . . .

Ga. Const. of 1983, Art. VI, Sec. II, Par. I. "A trial court's findings of fact as to residence and domicile will not be disturbed on appeal if there is any evidence to support them." *Autrey v. Autrey*, 288 Ga. 283, 284 (702 SE2d 878) (2010). The trial court's factual finding that she was present in Houston County with the intent to remain there indefinitely at some point within the six months before Husband filed this divorce action in September 2011 is supported by the record, including the evidence of her stays at the marital residence in that county in August 2011, after the first divorce action was dismissed due to reconciliation, and evidence that she later gave the marital address as her place of residence to the police and on bond and protective order paperwork.

5. Wife asserts that the trial court's order denying her motion to set aside was based on the erroneous premise that all issues except venue were decided in the parties' first divorce action. However, as the appellant, Wife bears the burden of proving that the trial court erred. See *Ware v. State*, 279 Ga. 17, 18 (608 SE2d 643) (2005). Moreover, a reviewing court is limited to the record before it on appeal. See *Graham v. Ault*, 266 Ga. 367, 367-368 (466 SE2d 213) (1996). Wife failed to include the necessary materials from the first divorce action in the record on appeal. See *Petkas v. Grizzard*, 252 Ga. 104, 108 (312 SE2d 107) (1984) ("Because a ruling on the effect of the prior case may be raised on appeal, the record or portion thereof considered by the trial court should be designated to be included in the appeal if a party wishes to enumerate error on the ruling."). And while "a trial court may take judicial cognizance . . . of records on file in its own court," id., the trial court here did not indicate that it was taking judicial notice of the records filed in the first divorce action.

Accordingly, Wife has failed to carry her burden to show the error alleged. It is worth reiterating, however, that the judgment under review only divorced the parties, something to which Wife did not object at the final hearing and indeed requested in her own belated counterclaim. The divorce decree does not purport to affect the property rights of the parties as a result of their marriage and divorce.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 19, 2012.

*James W. Davis*, for appellant.
*Stephen N. Hollomon*, for appellee.