303 Ga. 209
FINAL COPY

S17A1464. GALLEMORE v. WHITE.

BENHAM, JUSTICE.

Appellant David Wayne Gallemore, III and appellee Wanda Willis White were previously married, and they divorced in 2009. Later, the parties were involved in a dispute over the amount of child support Gallemore was required to pay and whether he was in contempt for failing to pay what had been ordered. This Court granted Gallemore's application for discretionary appeal to examine whether the trial court erred by holding Gallemore in contempt for failing to pay child support and by awarding attorney fees to White. For the reasons set forth below, we affirm the contempt order, we vacate the order awarding attorney fees, and we remand the case for further proceedings on that issue.

1.     The parties' divorce decree incorporated a settlement agreement pursuant to which the parties agreed to mediate any dispute related to child custody within thirty days of either party's written request for mediation, and

agreed that legal action in a court of law would ensue only after the failure to reach a mediated agreement. The record reflects that White filed a contempt petition for alleged failure to comply with the terms of the child support award in December 2014, and the trial court granted the petition in March 2015, ordering Gallemore to pay the sum of $7,300 to White. That order was set aside and vacated when Gallemore showed he had filed a voluntary petition for bankruptcy which thereby served as a stay of White's petition for contempt. Once the bankruptcy stay was lifted, an evidentiary hearing was scheduled for the claims raised in White's petition. One day prior to the hearing date, Gallemore served on White's attorney a demand for mediation.[1] After a hearing on the petition, the trial court entered an order finding Gallemore in willful contempt of the final judgment and awarding unpaid child support in the amount of $81,298.50.

Gallemore asserts the trial court erred by granting White's motion for contempt without first requiring mediation pursuant to the settlement agreement. As the appellant, Gallemore has the burden of demonstrating error.

---

[1] Also on that date, Gallemore filed a petition seeking modification of visitation and child support. We note that a notice of appeal was filed from the judgment entered in that proceeding, but because it was filed after January 1, 2017, the case was transferred to the Court of Appeals. See OCGA § 15-3-3.1. Because the application for discretionary review in the case now before us, as well as the notice of appeal, were filed prior to January 1, 2017, jurisdiction remains in this Court.

See *Rymuza v. Rymuza*, 292 Ga. 98, 102 (5) (734 SE2d 384) (2012); *Gillespie v. Gillespie,* 259 Ga. 838, 839 (388 SE2d 688) (1990). While the record contains a copy of the mediation demand letter to White's counsel, it does not reflect that Gallemore sought a stay of the hearing until such time as mediation could be conducted or moved to dismiss the contempt proceeding. On appeal, White asserts that she testified at the trial court hearing that she attempted to find a private mediator to work with the parties to attempt to resolve the dispute, but that Gallemore refused to participate. Because this appeal draws into question the transcript of the proceedings, it was Gallemore's duty to have the transcript prepared so that it could be included in the record. See OCGA § 5-6-41 (c). Because Gallemore failed to attach the transcript of the hearing, it is not possible for this Court to determine whether this issue was properly preserved. In the absence of a transcript of a hearing, "we must presume that the evidence supports the trial court's findings." See *Jones v. Foster*, 287 Ga. 144 (695 SE2d 21) (2010); *Harry v. Dale*, 281 Ga. 870, 871 (644 SE2d 137) (2007). Because no error is demonstrated by the record before this Court, the contempt order is affirmed.

2.     The trial court also found that White is entitled to reasonable attorney fees, and awarded the amount of $11,200 pursuant to OCGA § 9-15-

14 (b).  The order, however, contained no findings of fact necessary to support such an award.  Accordingly, the award of attorney fees must be vacated and the case remanded to the trial court so that the necessary findings may be made.  See *Moon v. Moon*, 277 Ga. 375, 379 (6) (589 SE2d 76) (2003).

Judgment affirmed in part and vacated in part and case remanded with direction.  All the Justices concur.

Decided March 5, 2018.

Domestic relations. DeKalb Superior Court. Before Judge Hunter.

<u>Odis W. Williams II</u>, for appellant.

<u>Sabrina A. Parker</u>, for appellee.