**FIFTH DIVISION
RICKMAN, C. J.,
McFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**March 11, 2022**

# In the Court of Appeals of Georgia

A21A1486. ROTH v. CRAFTON.

McFADDEN, Presiding Judge.

Jesse Roth challenges a trial court order denying his motion to modify child support, granting a counterclaim to hold him in contempt, and awarding attorney fees to his former wife Allison Crafton.[1] Because there is no transcript of the hearing on the motion and counterclaim, we presume that the trial court's denial of the motion and finding of contempt were supported by the evidence. We also find that the trial court did not abuse its discretion in awarding attorney fees under OCGA § 19-6-2. We thus affirm the trial court's order.

1. *Facts and procedural posture.*

---

[1]The record reflects that Crafton's last name was Roth during the marriage, that her maiden name of Faulkner was restored by the divorce decree, and that the name Crafton is used by the parties and trial court in this case.

Roth and Crafton were married and had two children — a son born in March 2000 and a daughter born in November 2001. The couple divorced in 2005, with the divorce decree awarding primary custody of the children to Crafton and requiring Roth to pay $200 per week in child support. The decree further provided that the child support payments

> will continue until such time as the oldest child graduates high school (not to exceed twenty (20) years of age), joins the armed services, dies, marries or becomes self-supporting whichever first occurs. Upon the oldest child reaching any of the above conditions the child support obligation will be calculated at the rate of twenty (20%) percent of [Roth's] gross income of $42,000.00 per year. Said payments will continue to be made through an Income Deduction Order and shall continue until such time as the youngest child graduates high school (not to exceed twenty (20) years of age), joins the armed services, dies, marries or becomes self-supporting[.]

In 2009, the superior court issued an order finding that Roth's child support payments were $15,959 in arrears. The order provided that Roth and Crafton had agreed to reduce Roth's child support amount to $150 per week with an additional payment of $30 per week to be made toward the arrearage. In 2011, the superior court entered another order finding that Roth's child support arrearage had risen to $16,459 and directing that he continue to pay child support in the amount of $650 per month,

that he pay a lump sum of $4,200 toward the arrearage, and that he pay an additional $50 per month toward the arrearage.

In November 2020, Roth filed a motion to modify child support. The motion alleged that his and Crafton's oldest child had graduated from high school and joined the military in 2018, so his child support obligation should have been reduced pursuant to the terms of the divorce decree. The motion further alleged that their youngest child had graduated from high school in May 2020, thereby ending his child support obligations under the divorce decree. Roth claimed that he had paid the child support arrearage in full and he sought an order requiring Crafton to reimburse him for alleged overpayments and awarding him attorney fees.

Crafton filed an answer denying Roth's claims for relief. She also filed a counterclaim seeking to hold Roth in contempt for his continued failure to meet his child support obligations. Crafton further sought an award of attorney fees.

On March 3, 2021, the trial court held a hearing on Roth's motion to modify child support and Crafton's counterclaim for contempt. Thereafter, the court issued an order denying Roth's motion to modify and holding him in contempt for non-payment of $3,858 in child support. The court gave Roth 90 days to pay the arrearage in full and awarded $1,000 in attorney fees to Crafton pursuant to OCGA §§ 9-15-14

3

and 19-6-2. Roth filed an application for discretionary review of the order, which was granted, and this appeal followed.

2. *Denial of motion to modify and finding of contempt.*

In a single enumeration of error, Roth contends that the trial court erred in denying his motion to modify child support and in granting Crafton's counterclaim to hold him in contempt. This enumeration requires a review of the evidence supporting the trial court's judgment, and as Roth correctly notes, in reviewing a judgment after a bench trial "this [c]ourt will not set aside the trial court's factual findings unless they are clearly erroneous, and we properly give due deference to the opportunity of the trial court to judge the credibility of the witnesses." *Jackson v. State*, 333 Ga. App. 544, 548 (2) (773 SE2d 835) (2015) (citation and punctuation omitted). But we cannot properly conduct such a review of the evidence because there is no transcript of the hearing held before the trial court.[2] While it appears from the briefs that the parties' eldest child did in fact graduate from high school and join the military, we do not know what evidence or testimony was presented at the hearing,

[2]The clerk of the trial court indicates that there is no transcript and Roth's amended notice of appeal does not request that a transcript be transmitted to this court. See *West v. Austin*, 274 Ga. App. 729, 730 (618 SE2d 662) (2005) (explaining that under OCGA § 5-6-37 the notice of appeal must "state whether or not any transcript of evidence and proceedings is to be transmitted as a part of the record on appeal") (punctuation omitted).

4

including any evidence regarding the amount of child support that was actually paid and any arrearage that still remains. Roth

> bears the burden of showing harmful error on appeal, and (he) must show this by the record, not merely by assertions appearing in (his) briefs or enumerations of error. Therefore, in the absence of a transcript, we must assume the trial court's findings were supported by the evidence and the trial court's actions during the trial were appropriate. Further, a presumption of regularity of all proceedings in a court of competent jurisdiction exists.

*Colbert v. Colbert*, 321 Ga. App. 841, 842-843 (1) (743 SE2d 505) (2013) (citation and punctuation omitted). Because Roth has failed to carry his burden of showing that harmful "error is demonstrated by the record before this [c]ourt, the contempt order [and denial of the motion to modify are] affirmed." *Gallemore v. White*, 303 Ga. 209, 210 (1) (811 SE2d 315) (2018) (presuming evidence supported trial court's findings where there was no hearing transcript).

3. *Attorney fees.*

In separate enumerations of error, Roth argues that the trial court erred in awarding attorney fees to Crafton pursuant to OCGA §§ 9-15-14 and 19-6-2. The trial court's final order provided:

> The Court finds that [Crafton] has incurred reasonable and necessary attorney's fees in the amount of $1,000. The income for the parties as stated in [Roth's] motion shows that [Roth] makes substantially more

5

than [Crafton]. As such pursuant to OCGA § 19-6-2, [Roth] shall reimburse [Crafton] $1,000 on or before June 3, 2021. Additionally, [Roth's] motion was frivolous and lacked substantial justification and as such pursuant to OCGA § 9-15-14 an award of attorney's fees to [Crafton] is warranted.

While this order did not include sufficient findings to authorize an award of attorney fees under OCGA § 9-15-14, the award was authorized under OCGA § 19-6-2.

(a) *OCGA § 9-15-14.*

"When a trial court exercises its discretion in assessing attorney fees and costs of litigation under OCGA § 9-15-14, it is incumbent upon the court to specify the conduct upon which the award is made." *Ga. Dept. of Transp. v. Douglas Asphalt Co.*, 295 Ga. App. 421, 424 (1) (671 SE2d 899) (2009) (citation and punctuation omitted). "[T]he trial court's order cannot be too vague and conclusory, such as where it fails to cite examples of conduct that authorize the award." *Reid v. Reid*, 348 Ga. App. 550, 553-554 (2) (823 SE2d 860) (2019) (citation omitted). "Furthermore, an order awarding attorney fees pursuant to this statute must specifically state whether the award is made under OCGA § 9-15-14 (a) or (b)." *Woods v. Hall*, 315 Ga. App. 93, 97 (2) (726 SE2d 596) (2012) (citation and punctuation omitted). Here, the trial court's order did not specifically state which subsection the award was made under

6

and it failed to specify the conduct upon which the award was based. The attorney fees award therefore cannot be upheld under OCGA § 9-15-14.

(b) *OCGA § 19-6-2.*

"If OCGA § 9-15-14 was the only basis stated for the fee award, we might at this juncture simply vacate the award and remand to the trial court. Vacation and remand are unwarranted in this case, however, because the full amount of the trial court's award can be independently sustained under OCGA § 19-6-2 (a)." *Hoard v. Beveridge*, 298 Ga. 728, 730 (2) (783 SE2d 629) (2016) (citations omitted).

> OCGA § 19-6-2 authorizes a court, within its discretion, to award attorney fees in a contempt of court action arising out of a divorce case; however, the court is to consider the financial circumstances of both parties in assessing such an award. See OCGA § 19-6-2 (a) (1). An award under OCGA § 19-6-2 depends on the financial circumstances of the parties, not their wrongdoing[.]

*Cason v. Cason*, 281 Ga. 296, 299-300 (3) (637 SE2d 716) (2006) (citation and punctuation omitted). "The purpose of an award of attorney fees pursuant to OCGA § 19-6-2 is to ensure effective representation of both [parties] so that all issues can be fully and fairly resolved. An award under this statute is not predicated upon a finding of misconduct of a party." *Reid*, supra at 552 (1) (citations and punctuation omitted).

Here, the trial court's order properly "consider(ed) the [relative] financial circumstances of both parties." *Landry v. Walsh*, 342 Ga. App. 283, 288 (3) (801 SE2d 553) (2017) (punctuation omitted). The court was not required "to make any findings as to the reasonableness of fees." *Reid*, supra at 553 (1). And as discussed above, in the absence of a transcript of the hearing, we must presume that the evidence supported the trial court's findings. See *Colbert*, supra. "[T]hus, the trial court's award pursuant to OCGA § 19-6-2 was not an abuse of its discretion. Accordingly, the award of fees under OCGA § 19-6-2 is affirmed." *Odum v. Russell*, 342 Ga. App. 390, 395 (2) (a) (802 SE2d 829) (2017) (upholding $1,000 attorney fees award in action involving child support modification and contempt).

*Judgment affirmed. Rickman, C. J., and Senior Appellate Judge Herbert E. Phipps concur.*